127 T.C. No. 5


UNITED STATES TAX COURT



ALAN H. GINSBURG AND ESTATE OF HARRIET F. GINSBURG, DECEASED,
ALAN H. GINSBURG, PERSONAL REPRESENTATIVE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 13330-05.                Filed August 30, 2006.



A TEFRA partnership claimed losses from an
investment.  See Tax Equity and Fiscal Responsibility
Act of 1982 (TEFRA), Pub. L. 97-248, secs. 402-407(a),
96 Stat. 648. Ps reported the losses as shareholders of
their two wholly owned S corporations, each of which
owned a 50-percent interest in the partnership.  R
examined the Federal tax return of the partnership.
Subsequently, R sent a letter to the representative for
the partnership stating that R accepted the return as
filed.  The partnership and R executed six consecutive
Forms 872-P, Consent to Extend the Time to Assess Tax
Attributable to Items of a Partnership, for the taxable
year 1995, the year at issue.  The time to assert
partnership adjustments has expired pursuant to the
Forms 872-P.  Ps and R executed nine consecutive Forms
872, Consent to Extend the Time to Assess Tax, related
to Ps' 1995 Federal tax return.

R sent a notice of deficiency for 1995 to Ps before the expiration date of the last Form 872. However, the Forms 872 did not specify that they also included tax attributable to partnership or affected items. Ps contend that the deficiency notice adjusts partnership items and therefore is invalid. R contends that the notice adjusts affected items, not partnership items. In addition, R stated in argument that there are also adjustments of affected items which are specific to Ps' ability to take losses that flow through from the partnership.

Held: The notice adjusts both partnership and affected items. We have jurisdiction to review those adjustments to the extent that they are for affected items.

Held, further, under sec. 6229(b)(3), I.R.C., the notice of deficiency is untimely because the Forms 872 did not reference adjustments for partnership or affected items.

N. Jerold Cohen, Sheldon M. Kay, and Joseph M. DePew, for petitioners.

Stephen R. Takeuchi, for respondent.

OPINION

GOEKE, Judge: This case is before us on petitioners' motions to dismiss for lack of jurisdiction and for summary judgment. The issue raised by petitioners' motion to dismiss is whether respondent's notice of deficiency properly adjusted losses attributable to a partnership at the partner level

pursuant to the TEFRA provisions of sections 6221-6234.[1]
Specifically, the inquiry centers on whether these losses should
be classified as "partnership items" or as "affected items" under
the applicable statutes.  We hold that the adjustments in the
notice of deficiency limiting petitioners' claimed losses concern
affected items over which we have jurisdiction.

The issue raised by petitioners' motion for summary judgment
is based on the assumption that we hold that the items respondent
seeks to adjust are affected items.  Under that assumption,
petitioners question whether the period of limitations on
assessment of tax attributable to affected items as set forth in
sections 6501 and 6229 has expired.  In particular, we must
decide whether section 6229(b)(3) causes the extension of the
period of limitations in this case to be ineffective regarding
the affected items at issue.  We hold that it does, and that
therefore the period of limitations on assessment has run.

## Background

The parties agree on the basic facts.  At the time that the
petition was filed, petitioner Alan Ginsburg, who is a fiduciary
for the Estate of Harriet Ginsburg, had a mailing address in
Winter Park, Florida.  In 1995, the taxable year at issue, Mr.
and Mrs. Ginsburg, who were married at the time, owned 100

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

percent of the stock of North American Sports Management, Inc. (NASM), an S corporation. Harriet Ginsburg, who is now deceased, owned 100 percent of the stock of Family Affordable Partners, Inc. (FAP), also an S corporation. NASM and FAP each owned 50 percent of the profits and losses and capital of UK Lotto, L.L.C. (UK Lotto), a TEFRA partnership. NASM and FAP were not subject to the S corporation TEFRA procedures, sections 6241-6245, because they had fewer than five shareholders and had not otherwise elected application of the unified procedures under section 301.6241-1T(c)(2)(v), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987).[2]

Entity and Individual Returns

Form 1065, U.S. Partnership Return of Income, for UK Lotto reflected a total ordinary loss of $7,351,237. Of that amount, $6,936,038 was attributable to a loss reported on its Form 1065 from Pascal & Co., a partnership of which UK Lotto was a partner. NASM and FAP each reported 50 percent of the total loss from UK Lotto along with other items of income, deductions, gain, and loss unrelated to UK Lotto in their respective Forms 1120S, U.S. Income Tax Return for an S Corporation. NASM reported a total ordinary loss from trade or business in 1995 of $4,087,725. FAP

---

[2]Sec. 301.6241-1T(c)(2)(v), Temporary Proced. & Admin. Regs. was issued under former sec. 6241, which was repealed by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1307(c)(1), 110 Stat. 1781, effective for tax years beginning after Dec. 31, 1996.

reported a total ordinary loss from trade or business in 1995 of $2,941,054. On their 1995 Form 1040, U.S. Individual Income Tax Return, petitioners reported the losses of $4,087,725 and $2,941,054 from NASM and FAP, respectively, on the attached Schedule E, Supplemental Income and Loss, Statement 15, Income or Loss From Partnerships and S Corporations. Petitioners reported total net losses on their Schedule E of $3,045,269.

Extensions of Period To Assess Tax

Respondent examined the 1995 Form 1065 of UK Lotto. UK Lotto and respondent entered into six consecutive Forms 872-P, Consent to Extend the Time to Assess Tax Attributable to Partnership Items, for partnership items relating to UK Lotto's 1995 tax year. The last Form 872-P executed on behalf of UK Lotto and respondent for the taxable year 1995 extended the period to assess any Federal income tax attributable to partnership items to any time on or before December 31, 2003. On April 25, 2003, respondent sent a letter to the representative for UK Lotto stating that respondent accepted the 1995 partnership return as filed. Respondent did not conduct any more TEFRA partnership proceedings.

In addition, petitioners and respondent executed nine consecutive Forms 872, Consent to Extend the Time to Assess Tax, for petitioners' 1995 taxable year. The last Form 872 extended the period to assess any Federal income tax to any time on or

before June 30, 2005.  The Forms 872 did not reference
partnership items.

<u>Notice of Deficiency</u>

Respondent issued to petitioners a notice of deficiency for
the taxable year 1995 dated April 26, 2005.  The total amount of
the deficiency was $2,726,742.  Respondent also determined a
penalty of $545,348 under section 6662(a).  In his notice of
deficiency, respondent listed the following Schedule E
adjustments:

> Family Affordable Partners, Inc.   $3,468,019
> North American Sports Mgmt., Inc.   3,468,019

Respondent provided the same explanation for both adjustments,
except that one referred to FAP and the other to NASP:

> Since it has not been established that Pascal and
> Company incurred a deductible $6,936,038.00 loss in
> 1995, nor has it been established that any loss
> attributable to Pascal and Company is allowable to UK
> Lotto, LLC * * * or not limited, nor has it been
> established that any loss attributable to Pascal and
> Company is allowable to * * * [Name of S Corporation],
> or not limited, nor has it been established that any
> loss attributable to Pascal and Company is allowable to
> you, or not limited, your $3,468,019.00 distributive
> loss in 1995 from * * * [Name of S Corporation], that
> represents 50% of the claimed $6,936,038.00 loss by UK
> Lotto, LLC, * * * from Pascal and Company, is
> disallowed, and your taxable income is increased by
> 3,468,019.00 for 1995.

In their Statement 15 accompanying Schedule E, petitioners
did not list any specific item of loss that corresponded with the
$3,468,019 that respondent disallowed.

## Discussion

### I. Petitioners' Motion To Dismiss for Lack of Jurisdiction

Petitioners' motion to dismiss for lack of jurisdiction focuses on whether the disallowed losses are partnership items that must be adjusted at the partnership level. If we find that those losses are partnership items, then we do not have jurisdiction over respondent's adjustments in the notice of deficiency because such items may not be adjusted in an individual deficiency proceeding. See sec. 6230(a)(1).

TEFRA provisions divide disputes arising from "partnership items" from those arising from "nonpartnership items". Maxwell v. Commissioner, 87 T.C. 783, 787 (1986) (citing section 6231(a)(3) and (4)). If the tax treatment of a partnership item is at issue, the statute requires the matter to be resolved at the partnership level. Sec. 6221; Maxwell v. Commissioner, supra at 787-788. Section 6231(a)(3) defines a partnership item as "any item required to be taken into account for the partnership's taxable year * * * to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." Partnership items under section 6231(a)(3) and the applicable regulations include items of loss reflected on

the partnership tax return.  Maxwell v. Commissioner, supra at 790; sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

Section 6231(a)(4) defines the term "nonpartnership item" as "an item which is (or is treated as) not a partnership item." Section 6231(a)(5) provides that the term "affected item" means "any item to the extent such item is affected by a partnership item."  An affected item is by definition neither a partnership item nor a subchapter S item.  Dial USA, Inc. v. Commissioner, 95 T.C. 1, 5 (1990).  An affected item, rather than being universally applicable to every partner, is peculiar to a particular partner's tax posture.  Maxwell v. Commissioner, supra at 790.

Petitioners argue that the notice of deficiency shows that respondent has adjusted partnership items reflected in the 1995 tax return of UK Lotto.  Respondent maintains the items adjusted in the notice of deficiency were not partnership items but affected items that were ultimately disallowed on petitioners' tax returns for reasons that were unique to petitioners' circumstances.

The notice of deficiency potentially disallows the loss on three levels:  The partnership level, the S corporation level, and the individual partner level.  We will address the parties' arguments in the context of each level.

A.   <u>Partnership Level</u>

Respondent concedes that UK Lotto is a partnership within the meaning of section 6231(a)(1).  Respondent did not issue notices of final partnership administrative adjustment (FPAAs) with respect to UK Lotto for 1995.  The loss attributable to Pascal & Co. is a partnership item at the TEFRA-entity level. See sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.  The limitations period for issuing FPAAs pertaining to UK Lotto's 1995 return expired on December 31, 2003, pursuant to the last Form 872-P executed on behalf of UK Lotto and respondent for the taxable year 1995.  See sec. 6229(a) and (b)(1).  Consequently, the tax treatment of all partnership items with respect to UK Lotto is final.  See <u>Roberts v. Commissioner</u>, 94 T.C. 853, 857 (1990).  There can be no partnership proceedings to adjust or modify the partnership items as reported on the UK Lotto return.  In addition, respondent through his letter in April 2003 conceded administratively that the loss attributable to Pascal & Co. is allowable at the UK Lotto partnership level.

B.   <u>S Corporation Level</u>

NASM and FAP are not TEFRA entities.  They each reported 50 percent of the loss from UK Lotto.  NASM and FAP are "pass-thru" partners under section 6231(a)(9).  Section 6231(a)(9) provides that a "'pass-thru partner' means a partnership, estate, trust, S corporation, nominee, or other similar person through whom other

persons hold an interest in the partnership with respect to which proceedings under this subchapter are conducted." Since the S corporations are not TEFRA entities, there is no issue of whether the adjustments should have taken place at the S corporation level.

C. Partner Level

Petitioners hold their interest in UK Lotto as "indirect partners" under section 6231(a)(10). Section 6231(a)(10) provides that an "'indirect partner' means a person holding an interest in a partnership through 1 or more pass-thru partners." Petitioners argue that the adjustments made in the notice of deficiency are inconsistent with respondent's position that the disallowed losses are affected items.

Petitioners argue that the notice of deficiency describes only partnership items, and that the explanation of adjustment calculates the disallowance of the loss to petitioners as if the basis for disallowing it was a partnership level adjustment. Petitioners therefore conclude that we are without jurisdiction over the items in dispute because all partnership items must be determined at the partnership level and not the partner level. See sec. 6221.

Respondent contends that the notice of deficiency originally refers to affected items, not partnership items. Respondent argues that the reasons for disallowing the losses to

petitioners include the limitation of partnership losses to the partner's basis in a partnership interest, the at-risk limitation under section 465, the passive loss limitation rules under section 469, and the S corporation loss limitation rules under section 1366, which are all "affected item bases" for disallowing losses at the partner level.  Respondent reasons that the statement in the notice of deficiency "nor has it been established that any loss attributable to Pascal & Co. is <u>allowable to you, or not limited</u>" (emphasis added) encompasses the possibility that the loss was not allowable to petitioners for reasons that were peculiar to their individual tax circumstances.

Despite the technical inaccuracies[3] in respondent's notice of deficiency, the existing jurisprudence regarding the sufficiency of a notice of deficiency favors respondent.  It is well settled that no particular form is required for a notice of deficiency, and that the Commissioner need not explain how the

---

[3]On Schedule E of their 1995 Form 1040 petitioners claimed losses of $4,087,725 from NASM and $2,941,054 from FAP.  However, the notice of deficiency adjusted $3,468,019 of loss from each of the S corporations, which is each S corporation's share of loss from Pascal & Co. reflected on the tax return filed by UK Lotto. If the notice of deficiency was adjusting an affected item, there would have been calculations to redetermine the flow-through amounts from NASM and FAP.  In addition, the notice of deficiency does not discuss petitioners' bases, nor do the adjustments take into account any of the passive income petitioners reported. None of the adjustments respondent made correspond to any of the losses petitioners deducted on Schedule E of their Form 1040 or the accompanying Statement 15.

deficiencies were determined.  See Benzvi v. Commissioner, 787 F.2d 1541, 1542 (11th Cir. 1986); Barnes v. Commissioner, 408 F.2d 65, 68 (7th Cir. 1969) (citing Commissioner v. Stewart, 186 F.2d 239, 242 (6th Cir. 1951), revg. a Memorandum Opinion of this Court), affg. T.C. Memo. 1967-250.  In Stoecklin v. Commissioner, 865 F.2d 1221 (11th Cir. 1989), affg. T.C. Memo. 1987-453, the Court of Appeals for the Eleventh Circuit required that "A deficiency notice * * * at a minimum must show that * * * 'a deficiency exists for a particular year and specify the amount of the deficiency.'"  Id. at 1224 (quoting Benzvi v. Commissioner, supra at 1542)).  Similarly, this Court has stated that "the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough."  Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982) (quoting Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937)).

Respondent argues that his adjustments are based on the limitation of the partnership losses to the partner's basis in the partner's partnership interest, the at-risk limitation under section 465, and the passive loss limitation rules under section 469.  We have previously held that each of these items is unique to the individual characteristics of each partner and does not have a uniform effect on all of the partners.  Estate of Quick v. Commissioner, 110 T.C. 172, 188 (1998) (holding that a passive

loss under section 469 is an affected item because treatment of the loss does not produce a uniform effect on the partners), supplemented 110 T.C. 440 (1998); Hambrose Leasing 1984-5 Ltd. Pship. v. Commissioner, 99 T.C. 298, 308-309 (1992) (holding that the amount a partner has at risk under section 465 is an affected item); Dial USA, Inc. v. Commissioner, 95 T.C. at 5-6 (a shareholder's basis in an S corporation cannot always be determined by simply looking at S corporation items).

We conclude that the phrase "allowable to you, or not limited" in respondent's notice of deficiency suffices to notify petitioners of the possibility of an affected items adjustment. The fact that there is a reference to affected items, however obscure, is sufficient despite the inconsistent adjustments made in the notice of deficiency.[4]

The items respondent seeks to adjust are affected items. Respondent would have to determine these items on the basis of factors that were unique to petitioners, such as each petitioner's basis in the S corporations and the extent to which each petitioner was at risk with respect to the Pascal & Co. investment. We have jurisdiction over affected items in this case, even though no FPAA was issued. See Roberts v. Commissioner, 94 T.C. at 860 (holding that the Court has

---

[4]We do not address the burden of proof in this situation and whether respondent's adjustments raise new matters under Rule 142(a).

jurisdiction over affected items when the Government accepts the partnership return as filed because that fulfills the requirement that there be an "outcome of a partnership proceeding" before assessment of affected items); cf. GAF Corp. & Subs. v. Commissioner, 114 T.C. 519 (2000) (Tax Court must dismiss for lack of jurisdiction when the notice of deficiency adjusts partnership or affected items before the completion of the partnership-level proceeding). This situation is distinguishable from GAF Corp. and similar to Roberts because respondent accepted UK Lotto's return as filed.

Having decided that we maintain jurisdiction and that respondent's assertion that the items in question are affected items is correct, we must now resolve the issue of whether the period of limitations under section 6229 has run on respondent's adjustments.

## II. Statute of Limitations

The central point of contention in the issue involving the statute of limitations is whether respondent's omission of a reference to partnership items in the Forms 872 executed with petitioners results in the expiration of the periods of limitation under sections 6501 and 6229.

### A. Respondent Did Not Include Partnership Items in the Forms 872

Section 6229(a) provides:

SEC. 6229.    PERIOD OF LIMITATIONS FOR MAKING
              ASSESSMENTS.

    (a)  General Rule.--Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of--

        (1)  the date on which the partnership return for such taxable year was filed, or

        (2)  the last day for filing such return for such year (determined without regard to extensions).

Section 6229(b) allows the parties to extend the period for assessment by agreement.  However, section 6229(b)(3) provides an important precondition to extending the period:

        (3)  Coordination with section 6501(c)(4).--Any agreement under section 6501(c)(4) shall apply with respect to the period described in subsection (a) only if the agreement expressly provides that such agreement applies to tax attributable to partnership items.

Although "partnership items" were not referenced in the consents petitioners executed, respondent argues that section 6229 does not apply to this situation because the period of limitations under section 6501 is still open.  Respondent asserts that section 6229 merely extends the general period of limitations provided by section 6501, and that when the period under section 6501 is still open, reliance on section 6229 is unnecessary.  In support of his assertion, respondent quotes the following passage from our Opinion in Rhone-Poulenc Surfactants &

Specialties, L.P. v. Commissioner, 114 T.C. 533, 537 (2000),
appeal dismissed and remanded 249 F.3d 175 (3d Cir. 2001):

> Section 6501(a) provides a general period of
> limitations for assessing and collecting any tax
> imposed by the Code.  Section 6501(a) defines the
> period in relation to the filing of the return of the
> person liable for tax; in this case petitioner rather
> than the partnership.  Section 6229(a) sets forth a
> minimum period for assessing any income tax with
> respect to any person that is attributable to any
> partnership item or affected item.  This minimum period
> is defined in relation to the filing of the partnership
> return.  This minimum period can be greater than, or
> less than, the period of limitations in section 6501.

Respondent's reliance on Rhone-Poulenc is misplaced.  In
Rhone-Poulenc, at the time the FPAA was issued, the period for
assessing taxes under section 6501 was still open under section
6501(e) (6-year period in cases involving substantial omissions
of gross income).[5]  Respondent did not issue an FPAA to UK Lotto
for the 1995 taxable year.  Instead, respondent accepted the 1995
partnership tax return with no changes.  The period for assessing
any partnership item relating to UK Lotto expired on December 31,
2003, the ending date of the last Form 872-P executed between the
tax matters partner for UK Lotto and respondent.  The period for
assessing taxes due from petitioners is open, if at all, solely

---

[5]Both the Court of Federal Claims and the U.S. Court of
Appeals for the District of Columbia Circuit have agreed with the
Court's analysis in Rhone-Poulenc Surfactants & Specialties, L.P.
v. Commissioner, 114 T.C. 533, 537 (2000), appeal dismissed and
remanded 249 F.3d 175 (3d Cir. 2001). See Andantech L.L.C. v.
Commissioner, 331 F.3d 972 (D.C. Cir. 2003), affg. in part and
remanding T.C. Memo. 2002-97; Schumacher Trading Partners II v.
United States, ___ Fed. Cl. ___ (July 31, 2006).

by reason of agreements to extend the period for assessing tax under section 6501(c)(4), which provides that taxpayers and the Commissioner may extend the time for assessment by agreement.[6]

Respondent maintains that section 6229(b)(3) does not apply because it references only partnership items and not affected items. Respondent's position therefore is that the parties validly extended the period of limitations pursuant to section 6501(c)(4) and that section 6229(b)(3) refers only to partnership items and therefore does not affect the limitations period. For the reasons stated below, we hold that respondent's position is incorrect.

B. Respondent's Position Ignores the Cross-Reference in Section 6229(b)(3) to Section 6229(a), Which Includes Affected Items

Contrary to respondent's interpretation, "tax attributable to partnership items" refers to what must be stated in the agreement in order to extend the period of limitations, not to the limitations period itself.[7] The preceding phrase "the period described in subsection (a)", references section 6229(a), which

---

[6]The general period of limitations under sec. 6501(a), which generally provides that tax must be assessed within 3 years after the return was filed no matter when it was due, has clearly expired with respect to both the partnership and petitioners individually as those returns were filed in 1996, and respondent issued the notice of deficiency in 2005. Respondent has not argued that section 6501(e) is applicable to this case.

[7]See Schumacher Trading Partners II v. United States, supra, for a discussion of the role of sec. 6229(b)(3).

describes the period for assessing tax with respect to any partnership item *or* affected item.  The parenthetical in subsection (a) refers specifically to affected items.  Therefore, it would have been redundant to include a similar parenthetical in subsection (b)(3) because the reference to "partnership items" in that subsection was intended to refer only to the language required in the Form 872.  The pertinent limitations period is as described in subsection (a).

     C.    <u>Respondent's Argument Implies That Section 6229 Applies Only If There Is an Adjustment at the Partnership Level</u>

Although respondent does not specifically make this argument, implicit in his reading of the statute is that there must be a partnership level adjustment in order for section 6229 to apply.  In this case, we do not have an adjustment because the partnership return was accepted as filed.  Therefore, following this logic, it would not be necessary to include reference to partnership or affected items in the Forms 872.  We analyze this problem by reference to the statute.

Section 6229(b)(3) provides that any agreement under section 6501(c)(4) shall apply with respect to the period described in subsection (a) only if the agreement expressly applies to "tax attributable to partnership items."  As stated <u>supra</u> in section B, the phrase "tax attributable to partnership items" describes what must be in the agreement under section 6501(c)(4).  The period extended is "the period described in subsection (a)",

which is "the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year". Sec. 6229(a). Accordingly, respondent's position is inconsistent with the statute because respondent confuses what is required to be in the agreement extending the period of limitations with the period extended.

> D.  Respondent's Position Is Inconsistent With Prior Caselaw, Secondary Authority, and Respondent's Own Pronouncements

Our conclusion that section 6229(b)(3) applies to affected items is further solidified by our Court-reviewed Opinion in Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533 (2000). We provided a detailed explanation of the scope of section 6229(b)(3) and its coordination with section 6501(c)(4). We stated that those sections were "intended to allow taxpayers and the Commissioner to extend the period of limitations for assessments of tax attributable to partnership items only where the extension agreement expressly provides that it applies to tax attributable to partnership items." Id. at 555. We further quoted a treatise regarding the scope of the rule in section 6229(b)(3): "'A standard extension of the limitations period under section 6501(c)(4) (Treasury Form 872) with respect to nonpartnership items does not apply to

partnership and affected items unless it specifically so provides.'" Id. (quoting 2 Willis et al., Partnership Taxation, par. 20.08[2][a] (6th ed. 1999)).[8]

In his own manual, the Commissioner emphasized the need to include a reference to affected items in the Form 872. See Internal Revenue Manual (IRM) 4.31.2.6.3. While the IRM does not have the force of law, the manual provisions do constitute persuasive authority as to the IRS's interpretation of the statute. Griswold v. United States, 59 F.3d 1571, 1576 n.8 (11th Cir. 1995).

In Maxwell v. Commissioner, 87 T.C. at 791 n.6, we determined that a deficiency attributable to an affected item is a "deficiency attributable to a partnership item." Id. The issue in Maxwell was whether we had jurisdiction over a partner's deficiency proceeding when the items that were the subject of the adjustments were affected items determined by reference to a partnership item that was not the subject of a partnership level proceeding as required by section 6225(a). We determined that we did not have jurisdiction over the affected item at issue because

---

[8]See 2 Willis et al., Partnership Taxation, par. 20.08[2][a] (6th ed. 1999) (citing sec. 6229(b)(3)); 13 U.S. Tax Rep. (RIA) par. 62,214.08 (2006) ("An agreement to extend the period of limitations on assessment and collection under I.R.C. § 6501(c)(4) applies to the period of limitations for assessment of income tax attributable to a partnership item or affected item only if the agreement expressly provides that it applies to tax attributable to partnership items.").

"Affected items depend on partnership level determinations, cannot be tried as part of the personal tax case, and must await the outcome of the partnership proceeding." Id. at 792. We explained that a "deficiency attributable to an affected item such as a partner's carryback of a partnership's investment tax credit is also a 'deficiency attributable to a partnership item.'" Id. at 791 n.6. Thus, following our reasoning in Maxwell, the phrase "tax attributable to partnership items" in section 6229(b)(3) also includes affected items.[9]

    E.    <u>Respondent's Position Would Have Untenable Consequences</u>

Following respondent's logic, we would have to conclude that since section 6229(b)(3) applies only to partnership items, the Forms 872 would not have to make a specific statement about affected items that are directly related to partnership adjustments, such as the amount of loss a partnership could claim from a particular transaction. We think that this result is incorrect and that it would negate the import of the statute because it would make the application of section 6229(b)(3) ambiguous and potentially superfluous. "An interpretation that

---

[9]Computational adjustments resulting from partnership proceedings may be assessed directly without issuing a notice of deficiency. See 2 McKee et al., Federal Taxation of Partnerships and Partners, par. 9.07[2][c] (1997). We do not decide today whether affected items that would be the subject of a computational adjustment are included in the language of sec. 6229(b)(3) because in this case we are not dealing with that special kind of assessment.

renders a statutory provision superfluous should be avoided,
since it would offend 'the well-settled rule of statutory
construction that all parts of a statute, if at all possible, are
to be given effect.'"  <u>Rhone-Poulenc Surfactants & Specialties,
L.P. v. Commissioner</u>, <u>supra</u> at 547 (quoting <u>Weinberger v. Hynson,
Westcott & Dunning, Inc.</u>, 412 U.S. 609, 633 (1973)).

In <u>Rhone-Poulenc Surfactants & Specialties, L.P. v.
Commissioner</u>, <u>supra</u> at 549-550, we emphasized the importance of
ensuring that extension agreements under section 6229(b)(3) be
precise:

> Contract principles are pivotal in determining the
> existence and scope of that agreement because section
> 6501(c)(4) requires a written agreement.  Section
> 6229(b)(3) imposes a default rule for purposes of
> determining whether an agreement encompasses
> assessments that are attributable to partnership items.
> * * * [Citations omitted.]

If we were to adopt respondent's interpretation, such a course of
action would not only make the application of section 6229(b)(3)
of questionable significance, but also would leave doubt as to
whether the parties had a meeting of the minds, which the
application of section 6229(b)(3) avoids.

In interpreting section 6229(b)(3), we are cognizant of the
principle that limitations statutes barring the collection of
taxes otherwise due and unpaid are strictly construed in favor of
the Commissioner.  <u>Colestock v. Commissioner</u>, 102 T.C. 380, 387
(1994) (citing <u>Badaracco v. Commissioner</u>, 464 U.S. 386, 391-392

(1984)).  Nevertheless, the period referenced in the statute is the period described in section 6229(a), as we further described in <u>Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner</u>, 114 T.C. 533 (2000).

III.  <u>Conclusion</u>

Respondent's notice of deficiency adequately references affected items over which this Court has jurisdiction. Nevertheless, on the basis of the statute and our precedent, we conclude that to extend the period of limitations for affected items the Forms 872 must specifically reference "partnership items" as required by section 6229(b)(3).  Respondent's failure to include any reference to tax attributable to partnership items in the Forms 872 executed with petitioner results in the expiration of the period of limitations for any affected items adjustments respondent might raise in this case.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered.</u>