SUPPLEMENTAL OPINION Goeke, Judge: This matter is before the Court on remand from the Court of Appeals for the District of Columbia Circuit for further proceedings consistent with its opinion in Petaluma FX Partners, LLC v. Commissioner, 591 F.3d 649 (D.C. Cir. 2010), affg. in part, revg. in part, and vacating in part 131 T.C. 84 (2008). The issue for decision on remand is whether this Court has jurisdiction over the determination in respondent’s notice of final partnership administrative adjustment (fpaa) issued to petitioner and other partners that all of the underpayments of tax resulting from adjustments of partnership items are attributable to: (1) Gross or substantial valuation misstatements penalized under section 6662(a), (b)(3), (e), and (h); (2) negligence or disregard of rules or regulations penalized under section 6662(a), (b)(1), and (c); or (3) substantial understatements of income tax penalized under section 6662(a), (b)(2), and (d).[1] Background, We summarize relevant background from Petaluma FX Partners, LLC v. Commissioner, 131 T.C. 84 (2008) (Petaluma I), and set forth additional details for purposes of deciding the issue on remand. The dispute in this case relates to an FPAA issued to petitioner and other partners of Petaluma FX Partners, LLC (Petaluma or the partnership), on July 28, 2005. In the FPAA respondent made the following adjustments to items reported on Petaluma’s partnership return for its 2000 tax year and to outside bases of all the partners, items not reported on the return: Item As reported As corrected Capital contributions $478,800 -0- Distributions — property other than money 171,806 -0- Outside partnership bases 24,943,505 -0- Distributions — money 206,076 -0- Other income 107,242 -0- Tax-exempt interest income 547 -0- Assets — cash 171,939 -0- Liabilities and capital— other current liabilities 6,158 -0- Partners’ capital accounts 165,781 -0- None of the above items result in computational adjustments (as defined in section 6231(a)(6)) to the partners’ tax liabilities. Petitioner has previously stipulated that substantive issues over which the Court has jurisdiction will not be contested. Petitioner reserved the penalty for valuation misstatement from his concession, but the Court of Appeals has held that we do not have jurisdiction over that penalty. Petaluma FX Partners, LLC v. Commissioner, 591 F.3d at 655. Form 4605-A, Examination Changes — Partnerships, Fiduciaries, S Corporations, and Interest Charge Domestic International Sales Corporations, attached to the FPAA states: “I.R.C. Penalty Section 6662 is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the present partnership proceeding.” This Court issued Petaluma I on October 23, 2008, holding that it had jurisdiction to decide: (1) That Petaluma should be disregarded for tax purposes; (2) that the partners had no bases in their interests in the partnership since the partnership was disregarded; and (3) that a valuation misstatement penalty under section 6662(b)(3) applied. Petaluma I, 131 T.C. at 100. The Court of Appeals affirmed our determination that we had jurisdiction to decide whether the partnership should be disregarded. However, in this partnership-level case it reversed our determination regarding partners’ outside bases, holding that we did not have jurisdiction. The Court of Appeals remanded the case for a determination of whether this Court has jurisdiction over any penalties under section 6662. Petaluma FX Partners, LLC v. Commissioner, 591 F.3d at 656. Discussion Applying the mandate to reconsider whether we have jurisdiction over any section 6662 penalties, we conclude as explained herein that this Court lacks jurisdiction over the penalty issues in this partnership-level proceeding. After the Court of Appeals issued the mandate, we ordered the parties to state their respective positions regarding the issues on remand, and both parties have complied. There being no need for trial or further hearing, we review the parties’ respective positions in the light of the opinion of the Court of Appeals. I. TEFRA in General Under the Tax Equity and Fiscal Responsibility Act of 1982 (tefra), all partnership items are determined in a single partnership-level proceeding. Sec. 6226; see also Randell v. United States, 64 F.3d 101, 103 (2d Cir. 1995). In a partnership-level proceeding, the Court’s jurisdiction is limited by section 6226(f): SEC. 6226(f). Scope of Judicial Review. — A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item. Section 6231(a) defines the terms “partnership item”, “non-partnership item”, and “affected item”: (3) Partnership item. — The term “partnership item” means, with respect to a partnership, any item required to be taken into account for the partnership’s taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level. (4) Nonpartnership item. — The term “nonpartnership item” means an item which is (or is treated as) not a partnership item. (5) Affected item. — The term “affected item” means any item to the extent such item is affected by a partnership item. An “affected item” is by definition not a “partnership item”. Ginsburg v. Commissioner, 127 T.C. 75, 79 (2006); see also Dial USA, Inc. v. Commissioner, 95 T.C. 1, 5 (1990). This distinction is important in the present case as affected items generally will involve issuance of notices of deficiency to individual partners, described as partner-level proceedings. II. Petitioner’s Position Petitioner first argues that this Court lacks jurisdiction to determine the amounts of any penalties in this partnership-level proceeding because no penalty relates to an adjustment to a partnership item under section 6226(f). Petitioner maintains no underpayment arises as a result of any partnership item because there is no computational deficiency adjustment at the partner level as a result of our holding that Petaluma is to be disregarded for tax purposes. Petitioner contends that, in the light of the Court of Appeals’ holding that this Court lacks jurisdiction to determine outside basis, there is no deficiency or underpayment of tax within the jurisdiction of this Court in respect of which a penalty can be held to apply. Petitioner also argues that because the partnership is a nullity, no partnership item could create a deficiency or underpayment to which penalties could apply. Therefore, any penalty does not relate to an adjustment to a partnership item, and any penalty is an item which must be determined with a statutory notice of deficiency. III. Respondent’s Position Respondent argues that this Court has jurisdiction to determine the applicability of the gross valuation misstatement penalty because sections 6221, 6226(f), and 6230(a) give this Court jurisdiction to determine penalties related to partnership items. Respondent contends the penalty relates to two partnership items — the shamming of the partnership, which the Court of Appeals affirmed as the determination of a partnership item, and the amounts of the purported partners’ contributions to the partnership. IV. Court of Appeals’ Opinion The Court of Appeals held that this Court had no jurisdiction to determine that the outside bases of Petaluma’s partners were zero, as outside basis is an affected item, not a partnership item. The Court of Appeals then held, inasmuch as this Court lacked jurisdiction over outside basis, that the Court also lacked jurisdiction to determine that section 6662 penalties apply with respect to outside basis because those penalties did not relate to a partnership item. With respect to other section 6662 penalties, the Court of Appeals vacated our decision and remanded the case to this Court, stating: While it may be that some penalties could have been assessed without partner-level computations, we cannot affirm a decision that has not yet been made. Therefore, we vacate the opinion of the Tax Court on the penalties imposition and computation. It may be that upon remand, a determination can be made for some portion of the penalties, but neither party has briefed that question before us. [Petaluma FX Partners, LLC v. Commissioner, 591 F.3d at 656.] We must now decide whether we have jurisdiction to determine at the partnership level whether any of the section 6662 penalties apply. V. Section 6662 The penalties about which jurisdiction is in question all arise under section 6662. The general rule is that if the section applies to any portion of an underpayment of tax, 20 percent of that portion will be added as a penalty. In the case of a gross valuation misstatement under section 6662(h), the 20-percent penalty is increased to 40 percent. Section 6662(b) describes the circumstances when the section shall apply and the penalty is triggered. Respondent asserts three of those circumstances apply in this case and also asserts all three relate to partnership-level determinations. They are negligence under section 6662(b)(1) and (c), substantial understatement of income tax under section 6662(b)(2) and (d), and gross or substantial valuation misstatement under section 6662(b)(3), (e), and (h). The Court of Appeals has agreed with petitioner’s position that this Court lacks jurisdiction over penalties that apply with respect to outside basis because those penalties do not relate to partnership item adjustments. There is a question whether “outside basis” is the correct term because the partnership has been held to be a sham, but there clearly are adjustments at the partner level that will relate to the partners’ bases in assets that they sold. We are directed that such adjustments are beyond our jurisdiction and the related penalties are also. See Petaluma FX Partners, LLC v. Commissioner, 591 F.3d at 655 (“Petaluma argues that since the Tax Court lacked jurisdiction to determine outside basis, it also lacks jurisdiction to determine that penalties apply with respect to outside basis because those penalties do not relate to an adjustment to a partnership item. We agree.”). VI. Analysis In this case none of the FPAA adjustments are items that flow directly to the partner-level deficiency computation as computational adjustments. Any deficiencies must therefore be determined against the partners as affected items and must be resolved in separate partner-level deficiency procedures. The section 6662 penalties are all related to these adjustments, which have not yet been made by respondent. The Court of Appeals’ decision addressed the penalty for substantial valuation misstatement, but on remand respondent asserts in this partnership-level proceeding that we have jurisdiction to determine the applicability of the 20-percent penalty under section 6662(a) and (b)(1) for negligence on account of our determination that the partnership is a sham. Respondent does not offer any other issue before us where a penalty under any subsection of section 6662 could be applied to an adjustment to a specific partnership-level item. We can find none in the FPAA, the pleadings, or the stipulation of settled issues. The determination that the partnership is a sham implies negligent conduct regarding formation of the partnership, but in this case that determination does not trigger a computational adjustment to taxable income of the partners. The Court of Appeals declined to allow the general effect of the partnership determination of sham to confer jurisdiction of the penalty relating to valuation because the valuation related to outside basis, an affected item. The Court of Appeals instructs that for us to have jurisdiction over a penalty at the partnership level it must “‘[relate] to an adjustment to a partnership item.’ ” Petaluma FX Partners, LLC v. Commissioner, 591 F.3d at 655 (quoting section 6226(f)). It must also be capable of being “computed without partner-level proceedings,” id., leading at least potentially to only a computational adjustment to the partners’ returns. The effect of the mandate concerning the section 6662 penalty is that if the penalty does not relate directly to a numerical adjustment to a partnership item, it is beyond our jurisdiction. In this case there are no such adjustments to which a penalty can apply. The adjustment is an affected item. The sham determination in this case only indirectly affects basis at the partner level. There is no partnership item flowing through to the partners’ returns as a computational adjustment. Therefore, in accordance with the opinion of the Court of Appeals, we conclude that we do not have jurisdiction over any section 6662 penalty determinations in this partnership-level case. An appropriate order and decision will be entered. Reviewed by the Court. Colvin, Wells, Thornton, Wherry, Kroupa, and Holmes, JJ., agree with this majority opinion. Gustafson and Morrison, JJ., did not participate in the consideration of this opinion. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.