T.C. Memo. 2012-316

UNITED STATES TAX COURT

WHO515 INVESTMENT PARTNERS, TYBG, LLC, TAX MATTERS
PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12847-05.                    Filed November 13, 2012.

Kyle R. Coleman, for petitioner.

Russell Scott Shieldes, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respondent's motion for

partial summary judgment.[1]  The Court will grant respondent's motion.

---

[1]Respondent filed a memorandum of law and a declaration of respondent's attorney in support of respondent's motion for partial summary judgment.  (The Court will refer collectively to that motion, that memorandum of law, and that declaration as respondent's motion.)

**[\*2]**                                          Background

The record establishes and/or the parties do not dispute the following.

At the time the petition was filed, WHO515 Investment Partners (WHO515) had been dissolved and did not have a principal place of business.

At least during the period September 19 to December 8, 2000, Mark Scholten (Mr. Scholten) owned a 100-percent interest in a flowthrough entity known as TYBG, LLC (TYBG),[2] that was to be disregarded for Federal income tax (tax) purposes. At least during the same period, Denise Scholten (Ms. Scholten)[3] owned a 100-percent interest in a flowthrough entity known as TYBG II, LLC (TYBG II), that was to be disregarded for tax purposes. At a time not established by the record during 2000, Mr. Scholten also owned an interest in a flowthrough entity known as MDGMA, Ltd. (MDGMA).[4] MDGMA had a taxable year that ended on December 31, 2000.

---

[2]TYBG is the tax matters partner in this case.

[3]The Court will sometimes refer collectively to Mr. Scholten and Ms. Scholten as the Scholtens.

[4]The record does not establish the extent of Mr. Scholten's interest in MDGMA or whether Ms. Scholten also owned an interest in that flowthrough entity.

**[\*3]** Around September 19, 2000, WHO515 was formed as a general partnership[5] under the laws of Texas and became subject to the provisions of sections 6221-6234.[6] At that time, TYBG and TYBG II owned virtually all of the partnership interests in WHO515.[7]

As respective 100-percent owners of TYBG and TYBG II, the Scholtens were indirect partners of WHO515. On December 7, 2000, TYBG and TYBG II transferred their respective interests in WHO515 to an S corporation known as Tall Tree Capital, Inc. (Tall Tree), which had a taxable year that ended on December 31, 2000. After those transfers by TYBG and TYBG II to Tall Tree on December 7, 2000, Mr. Scholten, through TYBG, and Ms. Scholten, through TYBG II, each owned a 50-percent interest in Tall Tree and thus remained indirect partners of WHO515.

---

[5]The Court's use of the words "partnership" and "partners" is for convenience only and not for substantive purposes.

[6]All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[7]Throughout WHO515's existence, the Scholtens' three minor children owned a total of one percent of WHO515.

**[\*4]**  WHO515 dissolved and liquidated on December 8, 2000.  WHO515 had a short taxable year that began on September 19, 2000, and that ended on December 8, 2000.

On July 24, 2001, WHO515 filed Form 1065, U.S. Return of Partnership Income (WHO515 Form 1065), for its taxable year ended December 8, 2000.  In that form, WHO515 designated petitioner TYBG as its tax matters partner.

On August 16, 2001, the Scholtens filed a joint tax return (2000 return) for their taxable year 2000.  In that return, the Scholtens, as indirect partners of WHO515 and as indirect owners of Tall Tree, claimed respective losses attributable to WHO515 and to Tall Tree.

On April 14, 2004, the Scholtens executed Form 872-I, Consent to Extend the Time to Assess Tax As Well As Tax Attributable to Items of a Partnership (Scholtens' Form 872-I).  On April 22, 2004, an authorized representative of respondent executed the Scholtens' Form 872-I.  That form stated in pertinent part:

> Mark A. & Denise M. Scholten * * * and the Commissioner of Internal Revenue consent and agree to the following:  (1) The amount of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 2000 may be assessed at any time on or before June 30, 2005. * * *
>
> \*       \*       \*       \*       \*       \*       \*

**[\*5]** Without otherwise limiting the applicability of this agreement, this agreement also extends the period of limitations for assessing any tax (including additions to tax and interest) attributable to any partnership items (see section 6231(a)(3)), affected items (see section 6231(a)(5)), computational adjustments (see section 6231(a)(6)), and partnership items converted to nonpartnership items (see section 6231(b)).

On April 11, 2005, respondent issued to TYBG a notice of final partnership administrative adjustment (FPAA) with respect to WHO515 for its taxable year ended December 8, 2000. In the FPAA, respondent proposed certain adjustments to the WHO515 Form 1065.

Discussion

The Court may grant summary judgment where there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

In respondent's motion, respondent seeks "partial summary judgment in respondent's favor that the statute of limitations does not bar respondent from assessing and collecting tax and penalties attributable to the partnership items of WHO515 * * * for the taxable period ending December 8, 2000." According to respondent, there is no genuine dispute of material fact and a decision may be

[*6] rendered as a matter of law in respondent's favor with respect to that statute of limitations issue. Petitioner does not contend that there is any genuine dispute of material fact that precludes the Court from resolving the statute of limitations issue presented in respondent's motion. However, it is petitioner's position that a decision should be rendered as a matter of law in petitioner's favor with respect to that statute of limitations issue.

The dispute between the parties with respect to the statute of limitations issue presented in respondent's motion is a legal dispute. That dispute concerns whether Mr. Scholten and Ms. Scholten, by signing the Scholtens' Form 872-I, consented to extend until June 30, 2005, the period within which respondent may assess any tax of theirs, including additions to tax and interest, for their taxable year 2000 that is attributable to any partnership items, affected items, computational adjustments, and partnership items converted to nonpartnership items that are in turn attributable to WHO515 for its taxable year ended December 8, 2000. Petitioner maintains that they did not. Respondent maintains that they did.

Before addressing the disagreement of the parties, the Court will summarize certain statutory provisions that control the Court's resolution of that disagreement. We turn first to section 706(a) relating to the computation of the

**[*7]** taxable income of a partner. Section 706(a) requires that, in computing the taxable income of a partner for a taxable year of the partner, the inclusions required by section 702 (income and credits of a partner) and section 707(c) (guaranteed payments) with respect to a partnership are to be based on the income, gain, loss, deduction, or credit of the partnership for any taxable year of the partnership that ends within or with the taxable year of the partner. To illustrate the rule in section 706(a), if the taxable year of a partnership ends on May 31, 2012, and the taxable year of a partner of that partnership ends on December 31, 2012, the partner must take into account in computing the partner's taxable income for the taxable year of the partner ending December 31, 2012, the partner's distributive share of partnership items set forth in section 702 for the partnership for its taxable year ending May 31, 2012. See sec. 1.706-1(a)(2), Income Tax Regs.

The Court will now summarize certain statutory provisions relating to the period during which the Commissioner of Internal Revenue (Commissioner) may assess the tax of a partner. As pertinent here, section 6501(a) prescribes a period of three years after a return is filed within which the Commissioner generally may assess the tax[8] of any person that is attributable to any partnership item or affected

---

[8]The term "tax" also includes additions to tax, additional amounts, and penalties. Sec. 6665(a)(2). For convenience, the Court will refer only to tax and

(continued...)

[*8] item.  See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114  T.C. 533, 542 (2000).  For this purpose, the term "return" means "the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit)."  Sec. 6501(a).  The period of limitations prescribed by section 6501(a) may be extended if the taxpayer and the Commissioner consent to an extension in writing.  Sec. 6501(c)(4)(A).

Section 6229(a) prescribes the following minimum period within which the Commissioner may assess the tax of  "any person [e.g., any partner] which is attributable to any partnership item (or affected item)":  three years "after the later of (1) the date on which the partnership return for such taxable year was filed, or (2) the last day for filing such return for such year (determined without regard to extensions)."[9]  See Curr-Spec Partners, L.P. v. Commissioner, 579 F.3d 391, 396-

---

[8](...continued)
not to tax and penalties.

The term "tax" does not include interest; however, interest on any tax may be assessed and collected at any time during the period within which the tax to which such interest relates may be collected.  Sec. 6601(g).

[9]The minimum period of time within which the Commissioner may assess the tax of any person which is attributable to any partnership item or any affected item may be extended.  See sec. 6229(b)(1).

**[\*9]** 398 (5th Cir. 2009), aff'g T.C. Memo. 2007-289; AD Global Fund, LLC v. Commissioner, 481 F.3d 1351, 1354-1355 (Fed. Cir. 2007); Andantech L.L.C. v. Commissioner, 331 F.3d 972, 977 (D.C. Cir. 2003),[10] aff'g in part, remanding in part T.C. Memo. 2002-97; Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. at 542.

The minimum period prescribed by section 6229 within which the Commissioner may assess the tax of any partner that is attributable to any partnership item or any affected item may expire before or after the period prescribed by section 6501 within which the Commissioner may assess the tax of that partner. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, supra. In no event will the period within which the Commissioner may assess the tax of any partner that is attributable to any partnership item or any affected item expire before the period prescribed by section 6229.

With the foregoing statutory provisions in mind, the Court will address petitioner's position that Mr. Scholten and Ms. Scholten did not consent by signing the Scholtens' Form 872-I to extend until June 30, 2005, the period within which respondent may assess their tax for their taxable year 2000 that is attributable to any

---

[10]The U.S. Court of Appeals for the District of Columbia Circuit is the court to which an appeal in this case would normally lie. See sec. 7482(b)(1).

**[*10]** partnership items, affected items, computational adjustments, and partnership items converted into nonpartnership items that are in turn attributable to WHO515 for its taxable year ended December 8, 2000. In support of that position, petitioner argues: "the partnership's [WHO515's] taxable year is the tax year ended December 8, 2000. In order for the [Scholtens'] Form 872[-I] to be effective, the consent would have to list both the tax periods ended December 8, 2000 and December 31, 2000 or two (2) consents could have been executed. Neither was done." Petitioner's argument reflects a misunderstanding, or a total disregard, of the applicable statutory provisions that control the Court's resolution of the dispute between the parties as to the legal effect of the Scholtens' Form 872-I.

In the Scholtens' Form 872-I,[11] pursuant to section 6501(c)(4) Mr.

---

[11]The Scholtens' Form 872-I states in pertinent part:

Mark A. & Denise M. Scholten * * * and the Commissioner of Internal Revenue consent and agree to the following: (1) The amount of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 2000 may be assessed at any time on or before June 30, 2005. * * *

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Without otherwise limiting the applicability of this agreement, this agreement also extends the period of limitations for assessing any tax (including additions to tax and interest) attributable to any partnership items (see section 6231(a)(3)), affected items (see section 6231(a)(5)), computational adjustments (see section 6231(a)(6)), and partnership items converted to nonpartnership items (see section 6231(b)).

[*11] Scholten and Ms. Scholten expressly extended until June 30, 2005, the period within which respondent may assess their tax for their taxable year ended December 31, 2000, that is attributable to any partnership items, affected items, computational adjustments, and partnership items converted into nonpartnership items. See sec. 6229(b)(3);[12] Ginsburg v. Commissioner, 127 T.C. 75, 89 (2006). Any such items and adjustments include such items and adjustments attributable to WHO515 whose taxable year ended December 8, 2000. That is because that taxable year of WHO515 ended within the Scholtens' taxable year ended December 31, 2000, and section 706(a) requires the Scholtens to take into account in computing their taxable income and their tax for their taxable year ended December 31, 2000, their respective distributive shares of any partnership items set forth in section 702 for WHO515's taxable year ended December 8, 2000. Mr. Scholten and Ms. Scholten thus expressly consented in the Scholtens' Form 872-I to respondent's assessing on or before June 30, 2005, any tax of theirs for their

---

[12]Section 6229(b)(3) provides: "Any agreement under section 6501(c)(4) shall apply with respect to the period described in subsection (a) [of section 6229, i.e., the period for assessing any tax with respect to any person [e.g., any partner] which is attributable to any partnership item (or affected item) for a partnership taxable year] only if the agreement expressly provides that such agreement applies to tax attributable to partnership items."

[*12] taxable year 2000 attributable to any partnership items, affected items, computational adjustments, and partnership items converted into nonpartnership items, including any such items and adjustments that are attributable to WHO515 for its taxable year ended December 8, 2000.[13]

On April 11, 2005, before the period of limitations specified in the Scholtens' Form 872-I expired on June 30, 2005, respondent issued to TYBG the FPAA with respect to WHO515 for its taxable year ended December 8, 2000.[14] As a result, the period specified in the Scholtens' Form 872-I within which respondent may assess the tax of Mr. Scholten and Ms. Scholten for their taxable year ended December 31, 2000, that is attributable to, inter alia, any partnership items or any affected items that are in turn attributable to WHO515 is suspended.

---

[13]On April 22, 2004, an authorized representative of respondent executed the Scholtens' Form 872-I and thereby consented to the extension specified in that form. See sec. 6501(c)(4)(A).

[14]If respondent had issued to TYBG after June 30, 2005, the FPAA with respect to WHO515 for its taxable year ended December 8, 2000, which respondent did not, partnership-level proceedings with respect to WHO515 would have been "of no avail" because the period within which respondent could have assessed the tax of Mr. Scholten and Ms. Scholten for their taxable year 2000 attributable to WHO515 for its taxable year ended December 8, 2000, would have expired. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 534-535 (2000).

**[*13]** See sec. 6229(d); Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. at 552-553.

In further support of petitioner's position that Mr. Scholten and Ms. Scholten did not consent in the Scholtens' Form 872-I to extend until June 30, 2005, the period within which respondent may assess their tax for their taxable year 2000 attributable to any partnership items, affected items, computational adjustments, and partnership items converted into nonpartnership items that are in turn attributable to WHO515 for its taxable year ended December 8, 2000, petitioner argues that the Scholtens did not intend to do so when they signed that form. According to petitioner, when Mr. Scholten and Ms. Scholten executed the Scholtens' Form 872-I they did not have in mind extending the period within which respondent may assess their tax for their taxable year 2000 attributable to any such items and any such adjustments. Petitioner maintains that when Mr. Scholten and Ms. Scholten executed the Scholtens' Form 872-I they believed that they were extending the period within which respondent may assess their tax for their taxable year 2000 attributable to flowthrough items that are attributable only to Tall Tree, an S corporation in which Mr. Scholten and Ms. Scholten each owned a 50-percent interest, and MDGMA, a flowthrough entity in which Mr.

**[\*14]** Scholten owned an interest,[15] that had respective taxable years ended December 31, 2000.

The Scholtens' subjective beliefs regarding the entities to which petitioner contends they intended the Scholtens' Form 872-I to apply do not determine whether Mr. Scholten and Ms. Scholten consented in that form to extend the period within which respondent may assess their tax for their taxable year 2000 attributable to any partnership items, affected items, computational adjustments, and partnership items converted into nonpartnership items that are in turn attributable to WHO515 for its taxable year ended December 8, 2000. In determining the terms of a written form in which a taxpayer consents to extend the period within which the Commissioner may assess the taxpayer's tax, the Court considers objective manifestations of assent, as evidenced by the overt acts of the parties, not secret intentions. Kronish v. Commissioner, 90 T.C. 684, 693 (1988). Mr. Scholten and Ms. Scholten intentionally signed the Scholtens' Form 872-I and thereby manifested their assent to the terms set forth in that form. See id. Mr. Scholten and Ms. Scholten, in express and unambiguous language in the Scholtens' Form 872-I, extended, without limitation, the period within which respondent may assess their tax for their taxable year 2000 attributable to any

---

[15]See supra note 4.

**[*15]** partnership items, affected items, computational adjustments, and partnership items converted into nonpartnership items.

On the record before the Court, the Court finds that pursuant to section 6501(c)(4) Mr. Scholten and Ms. Scholten consented in the Scholtens' Form 872-I to extend until June 30, 2005, the period of limitations prescribed by section 6501(a) within which respondent may assess their tax for their taxable year 2000 attributable to any partnership items, affected items, computational adjustments, and partnership items converted to nonpartnership items that are in turn attributable to WHO515 for its taxable year ended December 8, 2000.

Based upon the Court's examination of the entire record before the Court, the Court finds that respondent is not barred from assessing and collecting tax of the Scholtens for their taxable year 2000 attributable to partnership items, affected items, computational adjustments, and partnership items converted to nonpartnership items that are in turn attributable to WHO515 for its taxable year ended December 8, 2000.

The Court has considered all of the contentions and arguments of the parties that are not discussed herein with respect to the matters that the Court addresses herein, and the Court finds them to be without merit, irrelevant, and/or moot.

[**16]** To reflect the foregoing,

<u>An order granting respondent's</u>

<u>motion will be issued</u>.