WILMINGTON PARTNERS L.P., WILMINGTON MANAGEMENT CORP., TAX MATTERS PARTNER,Petitioner,) v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Wilmington Partners L.P. v. Comm'r
No. 15098-06
United States Tax Court
2008 Tax Ct. Memo LEXIS 306; April 30, 2008, Filed
*306 Kroupa, Diane L.
DIANE L. KROUPA
ORDER AND DECISION
This case was assigned to Judge Diane L. Kroupa on August 20, 2007.
Petitioner, Wilmington Management Corp., the tax matters partner for Wilmington Partners L.P. (Wilmington), filed a Motion for Summary Judgment and a Memorandum of Law in Support of Petitioner's Motion for Summary Judgment on July 27, 2007. Petitioner moves for summary judgment on the issue of whether the Notice of Final Partnership Administrative Adjustment (FPAA)dated May 12, 2006, was issued after the applicable limitations period had expired.
Respondent filed Respondent's Cross-Motion for Partial Summary Judgment and a Memorandum of Law in Support of Respondent's Cross-Motion for Partial Summary Judgment and Respondent's Notice of Objection to Petitioner's Motion for Summary Judgment on October 1, 2007. Respondent's cross motion involves the same issue as petitioner's summary judgment motion but focuses upon whether petitioner omitted an amount from gross income that was sufficiently large to trigger the six-year limitations period and whether the alleged omission wassufficiently disclosed on the return Wilmington filed or in statements attached to the return. [1] *307 Petitioner filed Petitioner's Notice of Objection to Respondent's Cross-Motion for Partial Summary Judgment and a Memorandum of Law in Reply to Respondent's Notice of Objection to Petitioner's Motion for Summary Judgment and in Support of Petitioner's Notice of Objection to Respondent's Cross-Motion for Partial Summary Judgment on October 30, 2007.
After carefully considering both parties' positions and arguments, we conclude that we must grant petitioner's motion for summary judgment and deny respondent's motion for partial summary judgment.
Background
We provide these facts as background. Both petitioner and respondent have made several admissions for purposes of the pending motions only. We have made no findings of fact in resolving the pending motions.
Wilmington was formed in 1993 when Bausch and Lomb, Inc. [2] (B&L) engaged in a financing arrangement with four banks. The arrangement involved one outside partnership in which B&L held a minority interest to engage in the loan, and a second, majority owned partnership to hold the collateral. Wilmington is the second, majority-owned partnership. As part of this arrangement, a member of B&L's consolidated *308 return group, BLIHC, contributed a long-term note receivable (the 1993 Reset Note) to Wilmington in exchange for a partnership interest. Wilmington treated the 1993 Reset Note as an asset with a basis and fair market value of $550 million from the time of its contribution in 1993 until June 18, 1999.
Wilmington undertook certain restructuring transactions in June 1999. Wilmington treated these transactions on June 4, 1999, as a termination of partnership under section 708 (b) (1) (B). [3] Accordingly, Wilmington treated itself as having two separate tax years and filed two partnership returns for1999. Wilmington filed a tax return for its tax year beginning December 28, 1998, and ending June 4, 1999 (1999-1), and a second return for its tax year beginning on June 5 and ending December 25, 1999 (1999-2).
Wilmington engaged in another series of transactions *309 on June 18, 1999 (i.e., in the 1999-2 year). The 1993 Reset Note was exchanged for two replacement notes, one for $243 million and the other for $307 million. A partner withdrew from the partnership and received cash and the $243 million note receivable in liquidation of its interest. Finally, Wilmington sold a business for $242 million, allocating $189,246,557 to goodwill, patentsand intangibles.
Wilmington filed its Form 1065, U.S. Partnership Return of Income, for 1999-1 on or about April 6, 2000. Wilmington mailed its 1999-2 tax return on June 6, 2000, and it was date stamped received by respondent on June 9, 2000.
Respondent issued the FPAA on May 12, 2006. The FPAA makes no adjustments to Wilmington's income, gain or loss for tax year 1999-1. Instead respondent adjusted Wilmington's basis in the 1993 Reset Note from $550 million to zero for both 1999-1 and 1999-2. Respondent also reduced Wilmington's basis in several assets in connection with Wilmington's 1999-2 section 754 election and correspondingly increased the ordinary income and long-term capital gain Wilmington reported for 1999-2.
Respondent determined in the FPAA that Wilmington failed to report 198,632,836 of income. *310 This includes $189,238,318 from the gain on the sale of goodwill, $9,386,279 of additional gain on the sale of section 1245 property, and $8,239 from the gain on the sale of patents and intangibles. All of the adjustments made in the FPAA derive from respondent's determination that Wilmington's basis in the 1993 Reset Note is zero, not $550 million.
To summarize, the FPAA was issued on May 12, 2006, over six years after Wilmington filed its return for 1999-1 (i.e. on April 6, 2000) and almost six years after Wilmington filed its return for 1999-2 (i.e. June 6, 2000). Respondent does not allege that the FPAA was issued within three years of filing the return for 1999-2 or that any partner extended the 1999-2 limitations period for any partnership or affected items. Respondent asserts with respect to the 1999-2 tax year, however, that the FPAA was timely because it was sent before the six-year limitations period expired under sections 6229(a) and (c)(2). Respondent alleges that the six-year limitations period applies because Wilmington omitted from its 1999-2 partnership return an amount of gross income in excess of 25 percent of the gross income reported on the return.
The *311 Parties' Arguments
Petitioner argues that the FPAA was issued after the applicable limitations period had expired and petitioner is therefore entitled to summary judgment. Petitioner's argument relies upon the holding in Bakersfield v. Commissioner, 128 T.C. 207 (2007), appeal docketed, No. 07-74275 (9th Cir. Oct. 24, 2007). [4] *312 Bakersfield holds that an overstatement of basis is not an omission from gross income for purposes of the extended period of limitations under section 6501(e)(1)(A). Accordingly, petitioner argues that respondent is barred from assessing any tax or penalty for 1998, 1999 and 2000 attributable to any partnership item (or affected item) for Wilmington's 1999-2 tax year because the three-year statute of limitations applies.
Respondent agrees that there is no dispute about the material facts necessary to determine whether overstatement of basis is an omission from gross income but contends that the six year statute of limitations applies to allow the adjustment of items for Wilmington's 1999-2 tax year. [5] *313 Respondent's argument depends upon the Court's willingness to overrule its decision in Bakersfield. Respondent argues that Wilmington's overstatement of basis was a substantial omission of income under section 6229(c)(2).
Discussion
We begin with whether to grant summary judgment. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See, e.g., FPL Group, Inc. v. Commissioner, 116 T.C. 73, 74 (2001). A motion for summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. See Rule 121(b) ; Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002). Partial summary judgment may be granted with regard to a single issue if the conditions for summary judgment are otherwise satisfied, notwithstanding that all of the issues in the case are not concluded. See Rule 121(b) ; U.S. Bancorp v. Commissioner, 111 T.C. 231, 236 (1998) ; Falstone, Inc. v. Commissioner, T.C. Memo 2000-69, affd. 65 Fed. Appx. 642 (9th Cir. 2003). The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled *314 to judgment as a matter of law. See, e.g., Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002). We hold that a three-year statute of limitations applies and grant petitioner's motion for summary judgment.
Here, whether the case may proceed depends upon the limitations period. The Commissioner is generally required to assess tax within three years of the filing of a Federal income tax return. Secs. 6501(a) and 6229(a). The limitations period is extended with respect to partnership or affected items under certain circumstances. Secs. 6229 and 6501 ; Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 540-543 (2000) ; Bakersfield v. Commissioner, supra at 211. [6] A six-year limitations period applies if any partnership omits from gross income an amount greater than 25 percent of the amount of gross income stated in its return. Secs. 6229(c)(2) and 6501 (e) (1) (A).
TEFRA partnership proceedings are unique in that the Code provides no period during which they must be commenced. Rhone-Poulenc Surfactants & Specialties L.P. v. Commissioner, supra at 534-535. *315 The Commissioner must issue an FPAA and commence partnership-level proceedings before the time for assessing tax against the partners expires because the expiration of the period for assessing tax against the partners will bar any assessments attributable to partnership items. Id.
A six-year limitations period applies where specific income receipts have been omitted in computing gross income but not when an overstatement of basis results in an understatement of gross income. Bakersfield v. Commissioner, supra at 215. Our decision in Bakersfield relied upon the Supreme Court's holding that the extended limitations period applies in situations where specific income receipts were omitted in computing gross income, not whenan understatement of gross income resulted from an overstatement of basis. Colony, Inc. v. Commissioner, 357 U.S. 28, 37, 78 S. Ct. 1033, 2 L. Ed. 2d 1119, 1958-2 C.B. 1005 (1958). [7] *316 The Supreme Court concluded an overstatement of basis is not an omission or something "left out," but rather is "something put in and overstated." Bakersfield v. Commissioner, supra at 215.
Petitioner argues, relying on Bakersfield, that an overstatement of basis is not an omission of gross income for purposes of the special six-year limitations period. Thus, even if respondent were correct in asserting that Wilmington overstated its basis in the 1993 Reset Note, the resultingadjustments do not result in an omission from gross income. Accordingly, the three-year statute of limitations applies, and respondent may not assess any tax for 1998, 1999 or 2000 relating to the adjustments made in the FPAA for 1999-2. Respondent concedes that, if the Court is unwilling to overrule Bakersfield, the FPAA was not issued within the limitations period.Respondent urges us, however, to overrule Bakersfield because it is incorrect as a matter of law.
We agree with the parties that Bakersfield applies. All of respondent's adjustments in the FPAA for 1999-2 result from his determination that Wilmington's basis in the 1993 Reset Note was zero. Respondent urges us to overrule our existing precedent, Bakersfield, because it is incorrect as a matter of law. We decline *317 that invitation. We do not lightly overrule existing precedent, Security State Bank v. Commissioner, 111 T.C. 210, 213-214 (1999), affd. 214 F.3d 1254 (10th Cir. 2000) ; see also Allied-Signal, Inc. v. Director, Div. of Taxation, 504 U.S. 768, 783, 112 S. Ct. 2251, 119 L. Ed. 2d 533 (1992) (factors to consider in departing from prior precedent include whether decision is "unsound in principle" and "unworkable in practice"), and we decline to overrule Bakersfield. The issue in this case is precisely the same as the issue inBakersfield. The three-year limitations period applies. All respondent's adjustments resulted from petitioner's alleged overstatement of basis. The partners executed no agreements extending the limitations period for assessing tax attributable to partnership or affected items for Wilmington's 1999-2 tax year. Accordingly, we grant petitioner's motion for summary judgment and deny respondent's motion for partial summary judgment.
Upon due consideration and for cause, it is
ORDERED that Respondent's Cross-Motion for Partial Summary Judgment, filed October 1, 2007, is denied. It is further
ORDERED that Petitioner's Motion for Summary Judgment, filed July 27, 2007 is granted.
ORDERED AND DECIDED that the *318 adjustments set forth in the Notice of Final Partnership Administrative Adjustment mailed May 12, 2006, with respect to the tax years ended June 4, 1999, and December 25, 1999, are barred as a result of the expiration of the applicable period of limitations.
Footnotes
1. There is no need to decide this second issue.
2. B&L filed a petition with this Court in docket no. 20958- 07. Today we issued an order granting respondent's motion to dismiss for lack of jurisdiction in that partner-level case.↩
3. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
4. Bakersfield is on appeal in the Ninth Circuit Court of Appeals. Bakersfield v. Commissioner, 128 T.C. 207, 211 (2007), appeal docketed, No. 07-74275 (9th Cir. Oct. 24, 2007). The Ninth Circuit Court of Appeals' decision will not be binding precedent because this case is appealable to the Second Circuit Court of Appeals. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Moreover, respondent does not argue that the result would be any different in the Second Circuit Court of Appeals.
We note that the Court of Federal Claims recently decided two cases regarding whether overstatement of basis is an omission from gross income for purposes of the limitations period. See Salman Ranch, Ltd. v. United States, 79 Fed. Cl. 189 (2007); Grapevine Imports, Ltd. v. United States, 77 Fed. Cl. 505 (2007). Salmon Ranch concluded that an overstatement of basis can constitute an omission for purposes of secs. 6229(c)(2) and 6501(e)(1)(A). Grapevine Imports↩ earlier concluded the opposite. Neither constitutes binding precedent for this Court.
5. Petitioner attests that no Wilmington partner consented to any extension of time to assess tax attributable to Wilmington's partnership items for 1999-2. Respondent does not dispute this.
6. Because the references to "tax" in secs. 6229 and 6501↩ include penalties, respondent is barred from assessing penalties in this case if he is barred from assessing tax.
7. The U.S. Supreme Court in Colony interpreted sec. 275(c), the predecessor to sec. 6501(e). The rationale behind the interpretation of the language in sec. 275(c)remains consistent with sec. 6501(e) and applies to Wilmington. See Bakersfield v. Commissioner, 128 T.C. 207, 211, 213-214↩ (2007).