SALMAN RANCH, LTD., FRANCES S. KOENIG, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Salman Ranch, Ltd. v. Comm'r
Docket No. 13677-08.
United States Tax Court
2009 U.S. Tax Ct. LEXIS 44; August 7, 2009, Entered
*44 For Frances S. Koenig, Salman Ranch, Ltd. c/o Frances S. Koenig, Petitioners: Katrina G. Crenshaw, Adam M. Cohen, Robert A. Poe, Holland & Hart, Denver, CO.
For Respondent: Kevin Michael Murphy, Buffalo, NY.
James S. Halpern, Judge.
James S. Halpern
ORDER AND DECISION
This case is before the Court on petitioner's motion for summary judgment (the motion). Respondent objects. The issue for decision is whether the Notices of Final Partnership. Administrative Adjustment (FPAA) challenged in the petition were untimely because they were sent more than 3 years after the due date of the returns for the years in issue or were timely because they were sent within the 6-year extended period of limitations provided by Internal Revenue Code section 6501(e)(1)(A). The issue is presented in terms of whether this Court, in Bakersfield Energy Partners v. Commissioner, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir. 2009), correctly followed the United States Supreme Court opinion in Colony, Inc. v. Commissioner, 357 U.S. 28, 78 S. Ct. 1033, 2 L. Ed. 2d 1119, 1958-2 C.B. 1005 (1958). [1] *45 There is no dispute that the issue is one of law that may properly be disposed of by summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent does not argue that this case is distinguishable from Bakersfield, supra, but argues that Bakersfield was wrongly decided.
Bakersfield has now been affirmed by the Court of Appeals for the Ninth Circuit, and we decline to reconsider our conclusion in that case. Moreover, the same result has been reached in factual circumstances involving this taxpayer and facts similar, if not identical, to those in this case. Salman Ranch, Ltd. v. United States, 573 F.3d 1362 (Fed. Cir. 2009).
Much has now been written on the issue, and we see no reason to repeat or elaborate by a formal opinion in this case. On the premises stated, it is hereby
ORDERED that the motion is granted. It is further
ORDERED AND DECIDED that the adjustments set forth in the notices that are the basis of *46 this case are barred by the 3-year period of limitations in Internal Revenue Code section 6501(a).
(Signed) James S. Halpern
Judge
ENTERED: AUG - 7 2009
Footnotes
1. In his answer, respondent also claimed the period of limitations remained open because of secs. 6229(b)(1)(A), and 6501(c)(10). Petitioner addressed those claims in his memorandum in support of the motion. Respondent has failed to address those claims, so we assume he has abandoned them. See Mendes v. Commissioner, 121 T.C. 308, 312-313↩ (2003) ("If an argument is not pursued on brief, we may conclude that it has been abandoned.").