WILMINGTON PARTNERS, L.P., WILMINGTON MANAGEMENT CORP., TAX MATTERS PARTNER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Wilmington Partners, L.P. v. Comm'r
Docket No. 15098-06
United States Tax Court
2010 U.S. Tax Ct. LEXIS 56; 2012-2 U.S. Tax Cas. (CCH) P50,557; May 28, 2010, Decided
Wilmington Partners L.P. v. Comm'r, T.C. Memo 2009-193, 2009 Tax Ct. Memo LEXIS 195 (T.C., 2009)
*56 Diane L. Kroupa, Judge.
Diane L. Kroupa
ORDER AND DECISION
This case is a TEFRA partnership-level proceeding that involves Wilmington. Partners, L.P. (Wilmington).
Respondent issued Wilmington a notice of final partnership administrative adjustment (FPAA) for two short taxable years that Wilmington reported for 1999 (respectively., 1999-1 and 1999-2). Respondent determined that the basis in a note ("Reset Note") that B&L International Holdings Corporation. (BLIHC) contributed to Wilmington in 1993 was zero rather than $550 million as Wilmington had reported for each subject year. The FPAA also reduced Wilmington's basis in several assets in connection with Wilmington's 1999-2 section 754[1] election and correspondingly increased the ordinary income and capital gain Wilmington reported for 1999-2.
Petitioner timely filed a petition in this case. Petitioner alleged in the petition that the regular 3-year limitations period barred the assessment and collection of tax with respect to partnership items for 1999-2. Respondent countered in *57 the answer that the limitations period remained open in that the extended 6-year limitations period applied due to an overstatement of basis. We disagreed with respondent, noting that we had already decided that underlying issue (the Bakersfield issue) adversely to respondent. Bakersfield Energy Partners, L.P. v. Commissioner, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir. 2009).[2] *58 Respondent asked us in this case to overrule Bakersfield. We declined to do so.
We have issued numerous orders and opinions in this and its related case. See, e.g. Wilmington Partners, LP v. Commissioner, T.C. Memo. 2009-193; Wilmington Partners, Order and Decision entered dated April 30, 2008, revised by Order dated July 25, 2008, 2008 Tax Ct. Memo LEXIS 306; Bausch and Lomb Incorporated and Consolidated Subsidiaries v. Commissioner, T.C. Memo 2009-112; Bausch and Lomb Incorporated and Consolidated Subsidiaries v. Commissioner, Order of Dismissal for Lack of Jurisdiction at docket no. 20958-07 entered April 30, 2008. In summary, we concluded that we have jurisdiction over both 1999-1 and 1999-2, but we questioned whether a trial would be necessary to decide this case. We noted as to 1999-1 that respondent had not determined (nor was seeking) any adjustment to income for that year. We noted as to 1999-2 that respondent was precluded from assessing any income *59 tax because the 3-year limitations period had expired.
We issued another order dated October 21, 2009, directing respondent to show cause why we should not enter a decision barring him from assessing any tax relating to the adjustments in the FPAA (Show Cause Order). We specifically asked respondent to address two issues in the Show Cause Order. First, we asked respondent to address why assessment was not barred as to 1999-2 since we declined to overrule Bakersfield. We also asked respondent to explain why we should decide the basis of the Reset Note as to 1999-1 if there was no adjustment to Wilmington's income, gain, loss, deduction, or credit for that year.
Respondent filed a response, Respondent devoted much of the response - and the entire memorandum of law - arguing again that we should overrule Bakersfield. This time respondent argued we should overrule Bakersfield and apply the temporary regulations issued on September 24, 2009. See secs. 301.6229(c)(2)-1T and 301.6501(e)-1T, Temporary Proced. & Admin. Regs. We find perplexing respondent's focused argument that Bakersfield applies to both 1999-1 and 1999-2. Bakersfield is irrelevant for 1999-1.
With respect to 1999-2, we declined, *60 in an unanimous Court-reviewed opinion, to overrule Bakersfield and apply the temporary regulations. Intermountain Ins. Serv, of Vail, LLC v. Commissioner, 134 T.C. 211, 134 T.C. No. 11 (2010). We concluded in Intermountain that the temporary regulations did not apply because the applicable limitations period expired before September 24, 2009, the date the temporary regulations were issued. Similarly, the limitations period in the present case expired before respondent issued the FPAA in 2006. We also determined in Intermountain that the temporary regulations are not entitled to deferential treatment because the Supreme Court unambiguously foreclosed respondent's interpretation of sections 6229(c)(2) and 6501(e)(1)(A) in Colony, Inc. v. Commissioner, 357 U.S. 28, 78 S. Ct. 1033, 2 L. Ed. 2d 1119, 1958-2 C.B. 1005 (1958), We see no reason to revisit these issues. We follow our decision in Intermountain. We do so especially here where respondent's sole allegation in his pleadings was the extended 6-year limitations period.
Moreover, respondent previously conceded that no tax related to the 1999-2 adjustments may be assessed unless the Court overrules Bakersfield. We disagreed with respondent's litigating position in Bakersfield, and we have repeatedly *61 declined his invitation to overrule that decision. See UTAM, Ltd. v. Commissioner, T.C. Memo 2009-253; R and J Partners v. Commissioner, Order and Decision at docket no. 7166-06 entered October 23, 2009; SN Laguardia Partners v. Commissioner, Order and Decision at docket no. 4906-07 entered September 4, 2009; Gold Blossom Explorations, LLC v. Commissioner, Order and Decision at docket no. 13120-07 entered September 3, 2009; Intermountain Ins. Serv. of Vail LLC v. Commissioner, T.C. Memo. 2009-195; Salman Ranch, Ltd. v. Commissioner, Order and Decision at docket no. 13677-08 entered August 7, 2009, 2009 U.S. Tax Ct. LEXIS 44; M.I.T.A. Partners v. Commissioner, Order and Decision at docket no. 17832-07 entered August 6, 2009; Beard v. Commissioner, T.C. Memo 2009-184; Reynolds Properties Inc. v. Commissioner Order and should not be allowed to retract his concession and again argue that the FPAA was issued within the limitations period for 1999-2. Accordingly, we find respondent may not assess any tax related to the 1999-2 adjustments.
We now focus on 1999-1 and note that respondent made no relevant legal arguments in his memorandum to support his response on why we are authorized to make an assessment for that *62 year. Respondent's only position regarding 1999-1 is that we should determine Wilmington's 1999-1 basis in the Reset Note because respondent could then determine the tax consequences of BLIHC's sale of its partnership interest in Wilmington whenever that event should occur. We find this argument unconvincing. First, respondent reverses the construct of Subchapter K by asserting that BLIHC's basis in the partnership interest "flows from" Wilmington's basis in the Reset Note. See sec. 6229(a). No provision in Subchapter K or TEFRA provides that a partner's basis in its partnership interest is to be adjusted based on changes in a partnership's basis in contributed property. Respondent's logic is circular and patently absurd. Wilmington's basis in the Reset Note is derived from and dependent on BLIHC's adjusted basis in the Reset Note at the time of contribution, not vice-versa.
Second, even if Wilmington's basis in the Reset Note determined BLIHC's basis in its partnership interest, the carryforwards at issue stem from a loss claimed by BLIHC in 1999-2, not 1999-1. The appropriate basis to use in measuring the claimed loss and any related carryforwards is Wilmington's 1999-2 basis in the *63 Reset Note. A decision as to Wilmington's 1999-1 basis in the Reset Note would not affect the disposition of this case. We find it counterproductive to have a trial if there is no adjustment to be made. Interests of judicial economy and efficiency will be served by simply issuing an order and decision in this case.
As previously mentioned, we issued the Show Cause Order to respondent. Respondent needed to have alleged specific facts to demonstrate that a decision consistent with the Show Cause Order should not be entered. United States v. Kis, 658 F.2d 526, 538-39 (7th Cir. 1981); Rule 91(f). Respondent has failed to satisfy this burden. Accordingly, we shall enter a decision as to each year over which we have jurisdiction.
Upon due consideration and for cause, it is
ORDERED that the Court's Order to Show Cause, dated October 21, 2009, is made absolute to the extent stated in this order and decision. It is further
ORDERED AND DECIDED that the adjustments set forth in the Notice of Final Partnership Administrative Adjustment mailed May 12, 2006, regarding the tax year ending December 25, 1999 (1999-2), are barred as a result of the expiration of the applicable limitations period. It is *64 further
ORDERED AND DECIDED that respondent's 1999-1 adjustment to Wilmington's basis in the Reset Note leads to no adjustment in the income, gain, loss, deduction, or credit of Wilmington for the tax year ending June 4, 1999 (1999-1).
/s/ Diane L. Kroupa
Diane L. Kroupa
Judge
Footnotes
1. All section references are the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Respondent suffered a string of judicial losses in which the courts determined that, the 3-year, not the 6-year, limitations period applies when a understatement of income results from an overstatement of basis. See, e.g., Bakersfield Energy Partners, L.P. v. Commissioner, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir. 2009); Salman Ranch Ltd. v. Commissioner, 573 F.3d 1362, 1377 (Fed. Cir. 2009). Respondent and the Treasury Department responded to these losses by issuing temporary regulations under secs. 6229 (c)(2) and 6501(e)(1)(A) on Sept. 24, 2009. See secs. 301.6229(c)(2)-1T and 301.6501(e)-1T, Temporary Proced. & Admin. Regs. The temporary regulations provide, in pertinent part, that "an understated amount of gross income resulting from an overstatement of unrecovered cost or other basis constitutes an omission from gross income for purposes of [secs. 6229(c)(2) and 6501(e)(1)(A)]." Id. This interpretation in the temporary regulations is respondent's litigating position and runs contrary to interpretations the courts have adopted for Bakersfield↩.