T.C. Memo. 2009-112

UNITED STATES TAX COURT

BAUSCH & LOMB INCORPORATED AND CONSOLIDATED SUBSIDIARIES,
Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17108-08.                    Filed May 21, 2009.

<u>Roger J. Jones</u>, <u>Kim Marie K. Boylan</u>, <u>Andrew R. Roberson</u>, and <u>Sarah S. Sandusky</u>, for petitioner.

<u>Daniel A. Rosen</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This partner-level matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent issued a deficiency notice determining a $5,832,629 deficiency in petitioner's Federal income tax for 2002, a $318,554 deficiency for 2003, and a $26,623,226 deficiency for 2004 (the deficiency notice).  Respondent also determined

accuracy-related penalties under section 6662[1] of $2,333,052 for 2002, $127,422 for 2003, and $10,649,290 for 2004. The deficiencies and penalties flow from determinations in a notice of final partnership administrative adjustment for tax years 1999-1 and 1999-2[2] (the FPAA) issued to Wilmington Partners LP (Wilmington).

The parties agree that the deficiency notice adjusts only partnership items or affected items related to Wilmington and that the partnership-level proceeding contesting the determinations in the FPAA (Wilmington partnership proceeding) has not concluded. Petitioner argues, however, that the deficiency notice is valid because the FPAA adjusts only 1993 partnership items and no FPAA was issued for 1993. The sole issue for decision is whether the deficiency notice is invalid because it determines deficiencies and penalties that flow from the FPAA and the ongoing Wilmington partnership proceeding has not been resolved. We hold that the deficiency notice is invalid and we do not have jurisdiction to redetermine the deficiency. We shall therefore grant respondent's motion.

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]Wilmington undertook restructuring transactions in 1999 that caused it to treat itself as terminated under sec. 708(b)(1)(B) on June 4, 1999. Accordingly, Wilmington treated itself as having two separate tax years and filed two partnership returns for 1999.

## Background

The facts we recite are uncontested facts admitted in the petition, respondent's motion, petitioner's objection to respondent's motion and the supporting memorandum, or the exhibits attached to these documents.

Petitioner is a corporation, with its principal place of business in Rochester, New York. It is the common parent of an affiliated group that filed a consolidated return of income for 1999. A member of this group, petitioner's wholly owned subsidiary B&L International Holdings Corp. (BLIHC), was the majority partner of Wilmington until 1999. The deficiencies determined in the deficiency notice resulted from respondent's disallowance of carryforward losses related to BLIHC's sale of its interest in Wilmington and correlative adjustments to credits and alternative minimum tax. Petitioner timely filed a petition to redetermine the adjustments in this deficiency notice. Respondent filed a motion to dismiss for lack of jurisdiction, and it is this motion that we address.

The adjustments in the deficiency notice stem from a 1993 financing transaction that respondent challenges in disallowing the carryforward losses. Respondent determined in the FPAA that BLIHC inflated its basis in Wilmington as a result of the 1993 financing transaction. We now turn to that transaction.

Petitioner engaged in a financing arrangement in 1993 that created an influx of capital priced like debt to maintain petitioner's favorable credit rating. The 1993 financing

transaction involved BLIHC, four banks, Wilmington, and an unrelated partnership (Bobcat).

Bobcat contributed approximately $400 million in loan proceeds for its interest in the partnership. BLIHC contributed a note (the 1993 Reset Note) and $25 to Wilmington in exchange for a partnership interest. BLIHC claimed a $550 million basis, the note's face value, in the 1993 Reset Note. Several entities controlled by petitioner also contributed operating businesses and cash in exchange for partnership interests in Wilmington.

Wilmington continued to hold operational businesses in 1999 when BLIHC sold a portion of its Wilmington interest to an unrelated party for $199,137,637. Petitioner claimed a $347,910,187 capital loss related to the sale ($347 million capital loss) on its 1999 consolidated return. Petitioner computed this loss using BLIHC's basis in its sold Wilmington interest that was attributable, in part, to BLIHC's $550 million claimed basis in the 1993 Reset Note. Petitioner also claimed capital loss carryovers as a result of this sale in taxable years 1998, 2001, 2002, 2003, and 2004.

Respondent issued the FPAA to Wilmington in response to petitioner's claimed $347 million capital loss. Respondent made several determinations in the FPAA including a determination that the 1993 Reset Note had a zero basis at the time it was contributed to Wilmington. Wilmington's tax matters partner (TMP) filed a petition in the Wilmington partnership proceeding at docket no. 15098-06, which is currently pending.

Respondent issued a deficiency notice to petitioner for the taxable years 1998-2001 separate from the deficiency notice at issue in this case. The determinations in both deficiency notices arise from respondent's determination in the FPAA that BLIHC had a zero basis in the 1993 Reset Note rather than the $550 million basis claimed. Petitioner filed a petition for redetermination of the 1998-2001 deficiencies on the ground that respondent improperly adjusted the basis of the 1993 Reset Note in 1999, and we granted respondent's motion to dismiss for lack of jurisdiction in an unpublished order at docket no. 20958-07 (Bausch & Lomb I) on April 30, 2008. We concluded that the 1998-2001 deficiency notice was invalid because the determinations in that deficiency notice all resulted from the determination in the FPAA that the 1993 Reset Note had a zero basis and the Wilmington partnership proceeding had not concluded. Petitioner appealed our order dismissing Bausch & Lomb I to the United States Court of Appeals for the Second Circuit, and the appeal is pending.

The issue presented in Bausch & Lomb I is identical to the issue before us now. We shall therefore grant respondent's motion for the same reasons as further discussed.

## Discussion

We must decide whether a deficiency notice is valid if it determines deficiencies and penalties that flow from a previously issued FPAA and the partnership-level case contesting the FPAA's determinations has not been resolved. We hold that the deficiency notice is invalid.

We begin with our jurisdiction.  This Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent provided by statute.  Sec. 7442; GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000).  Our jurisdiction to redetermine a deficiency in tax depends on a valid deficiency notice and a timely filed petition.  GAF Corp. & Subs. v. Commissioner, supra at 521.  A taxpayer may generally file a petition for redetermination of a deficiency with this Court after receiving a deficiency notice.  Sec. 6213.  Special rules apply, however, for certain partnerships and their partners.

Partnerships do not pay Federal income tax, but they are required to file annual information returns reporting the partners' distributive shares of income, deductions, and other tax items.  Secs. 701, 6031.  The individual partners then report their distributive shares of the tax items on their Federal income tax returns.  See secs. 701-704.  Congress enacted the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) to provide consistent treatment of partnership items among partners in the same partnership and to ease the substantial administrative burden that resulted from duplicative audits and litigation.  See Petaluma FX Partners, LLC v. Commissioner, 131 T.C. __, __ (2008) (slip op. at 10).

The parties acknowledge that the TEFRA rules apply because the deficiencies arise from BLIHC's status as a partner in Wilmington, a TEFRA partnership under section 6231(a).

Accordingly, we must analyze the jurisdictional issue presented under the specific TEFRA statutes and the related caselaw.

Under the TEFRA rules, partnership items are determined in partnership-level proceedings, while nonpartnership items are determined at the individual partner level. Sec. 6221; Affiliated Equip. Leasing II v. Commissioner, 97 T.C. 575, 576 (1991). A partnership item is any item required to be taken into account for the partnership's taxable year to the extent regulations specify it is an item more appropriately determined at the partnership level rather than the partner level. Sec. 6231(a)(3). Partnership-level determinations also impact certain items of individual partners. These are referred to as affected items, and their resolution depends on partnership-level determinations. Sec. 6231(a)(5); Maxwell v. Commissioner, 87 T.C. 783, 792 (1986). Deficiency procedures apply to affected items that require partner-level determinations. Sec. 6230(a)(2)(A)(i).

This Court does not have jurisdiction, however, to consider partnership items in a partner-level proceeding resulting from the issuance of a deficiency notice. Trost v. Commissioner, 95 T.C. 560, 564 (1990). Further, no assessment of a deficiency attributable to any partnership item may be made until the partnership-level proceeding is completed. Sec. 6225(a); see GAF Corp. & Subs. v. Commissioner, supra at 526. Accordingly, a deficiency notice adjusting affected items is generally invalid if it is issued before the conclusion of the partnership

proceeding, and we have no jurisdiction.  See GAF Corp. & Subs. v. Commissioner, supra at 528; Soward v. Commissioner, T.C. Memo. 2006-262.

We now determine whether we have jurisdiction over the deficiency notice.

Petitioner acknowledges that the Wilmington partnership proceeding is pending and that the deficiency notice contains adjustments to partnership items and affected items related to BLIHC's basis in the 1993 Reset Note.  Petitioner argues, however, that BLIHC's basis in the 1993 Reset Note was a partnership item only in the year of contribution, 1993, and, therefore, respondent adjusted the basis in the wrong years; i.e. 1999-1 and 1999-2.  Petitioner further argues that the deficiency notice is valid and we have jurisdiction because no FPAA was issued for the year of contribution.  Petitioner attempts to make a back-door argument that the Court, in determining the validity of the deficiency notice, is required at the partner level to answer the substantive question of whether respondent adjusted BLIHC's basis in the 1993 Reset Note in the wrong year or years. We disagree.

Respondent determined in the FPAA that the 1993 Reset Note had a zero basis at the time BLIHC contributed it to Wilmington. Each of the adjustments in the deficiency notice flows from this determination in the FPAA.

A partner's basis in contributed property is a partnership item when the partnership needs to make a determination with

respect to the partner's basis for purposes of its books and records, or for purposes of furnishing information to a partner. Nussdorf v. Commissioner, 129 T.C. 30, 42 (2007); see sec. 301.6231(a)(3)-1(a)(4), (c), Proced. & Admin. Regs.  The critical element is that the partnership needs to make a determination with respect to the partner's basis for the purposes stated, and the partnership's failure to actually make a determination does not prevent an item from being a partnership item.  See sec. 301.6231(a)(3)-1(c)(1), Proced. & Admin. Regs.

Petitioner provides no authority for the argument that a partner's basis in contributed property is a partnership item only in the year of contribution, and we find none.  Partnership items are defined to include a partner's basis in contributed property when a partnership must account for the partnership's basis in the contributed property for purposes of its books and records, or for purposes of furnishing information to a partner.[3] Sec. 301.6231(a)(3)-1(c)(2), Proced. & Admin. Regs; see also Nussdorf v. Commissioner, supra at 44.  Accordingly, the necessary facts are available only at the partnership level to determine whether the partnership was required to make a determination with respect to BLIHC's basis in the 1993 Reset Note for these purposes.

---

[3]A partnership determines its basis in contributed property by making a preliminary determination of the partner's basis in the property at contribution and then adjusting its basis in the property where subsequent events require.

Petitioner's argument that we must address at the partner level whether respondent adjusted BLIHC's basis in the 1993 Reset Note in the wrong years is misplaced. Petitioner cites several cases where this Court determined that we had jurisdiction to redetermine deficiencies attributable to affected items to support its argument. See Ginsburg v. Commissioner, 127 T.C. 75 (2006); Estate of Quick v. Commissioner, 110 T.C. 172 (1998); Jenkins v. Commissioner, 102 T.C. 550 (1994); Roberts v. Commissioner, 94 T.C. 853 (1990); Gustin v. Commissioner, T.C. Memo. 2002-64. These cases are inapposite as no FPAAs were issued in these cases and no partnership-level proceedings were pending. Here, the related Wilmington partnership proceeding is ongoing, and there Wilmington's TMP is making the argument that the Commissioner adjusted BLIHC's basis in the 1993 Reset Note in the wrong years.

Further, the cases petitioner cites involved arguments by taxpayers that we lacked jurisdiction in deficiency proceedings because the deficiencies were attributable to partnership items rather than affected items. The Court determined in each case that the deficiencies were attributable to affected items, but in doing so determined that the deficiencies were not attributable to partnership items. These cases do not stand for the proposition that a partner may make a substantive argument at the partner level contesting the adjustment of a partnership item in an FPAA. We decide at the partnership level substantive arguments challenging whether items related to contributions or

distributions are actually partnership items. See Dakotah Hills Offices Ltd. Pship. v. Commissioner, T.C. Memo. 1996-35.

Petitioner's substantive argument that BLIHC's basis in the 1993 Reset Note was adjusted in an improper year does not provide jurisdiction, where none exists, to determine a partnership item in a partner-level case. This Court may exercise jurisdiction only to the extent expressly provided by statute, and it may not enlarge upon that statutory jurisdiction. See sec. 7442; Breman v. Commissioner, 66 T.C. 61, 66 (1976); see also Rule 13.

Further, the remaining determinations in the deficiency notice depend on the resolution of BLIHC's basis in the 1993 Reset Note. These determinations are affected items that cannot be litigated now but must wait until the Wilmington partnership proceeding is finalized. See GAF Corp. & Subs. v. Commissioner, 114 T.C. 519 (2000); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 743-744 (1987).

We conclude that respondent improperly issued the deficiency notice determining petitioner's deficiencies and penalties related to BLIHC's basis in the 1993 Reset Note before the decision of this Court has become final in the ongoing Wilmington partnership proceeding. See GAF Corp. & Subs. v. Commissioner, supra at 521, 528; Maxwell v. Commissioner, 87 T.C. at 788. Accordingly, we hold that the deficiency notice is invalid and there is no jurisdictional basis upon which the Court may consider the adjustments in this case.

To reflect the foregoing,

<u>An order of dismissal for
lack of jurisdiction will be
entered</u>.