08-3802-ag (L)
Bausch & Lomb Inc. & Consolidated Subsidiaries v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand ten.

PRESENT: GERARD E. LYNCH,
            DENNY CHIN,
                     *Circuit Judges,*
            EDWARD R. KORMAN,
                     *District Judge.*[*]

-------------------------------------------------------------------

BAUSCH & LOMB INCORPORATED and
CONSOLIDATED SUBSIDIARIES,
                     *Petitioners-Appellants,*

            v.                              08-3802-ag (Lead)
                                          09-2612-ag (Con)

COMMISSIONER OF INTERNAL REVENUE,
                     *Respondent-Appellee.*

-------------------------------------------------------------------

FOR APPELLANT:       Roger J. Jones, Andrew R. Roberson, Latham & Watkins LLP, Chicago, Illinois, Kim Marie Boylan, Latham & Watkins LLP, Washington, D.C..

FOR APPELLEE:        Joan I. Oppenheimer, Richard Farber, Attorneys, *for* John A. DiCicco, Acting Assistant Attorney General, Tax Division, Department of Justice, Washington, D.C.

---

[*] Honorable Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

Appeals from the United States Tax Court (Diane J. Kroupa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeals are DISMISSED.

Bausch & Lomb and several of its subsidiaries (together, "B&L") appeal from two orders of the Tax Court, each of which held that the Commissioner's notice of deficiency was invalid and therefore dismissed for lack of jurisdiction. We find B&L's appeals do not present a justiciable controversy and therefore dismiss them.

We assume the parties' familiarity with the relevant facts and law, and so we sketch the background only briefly. In 1993, a Bausch & Lomb subsidiary entered into a partnership called Wilmington Partners L.P., contributing to the partnership a note with a face value of $550 million. In 1999, the partners restructured the partnership through a series of transactions that gave rise to the tax dispute at hand.

One of the 1999 transactions caused either a substantial gain for B&L and the partnership or a similarly substantial loss, depending on the correct calculation of the basis of the note that B&L contributed to the partnership. B&L and the partnership both reported the note as having an initial basis equal to its face value of $550 million. Based on that number, B&L calculated that it had lost nearly $350 million dollars in the transaction, a loss it spread over its returns for the years 1998 to 2004. The Commissioner, by contrast, treated the note as having an initial basis of zero. If the Commissioner's assessment was correct, then the loss B&L reported was actually a large gain. The Commissioner therefore issued a final partnership administrative adjustment ("FPAA") to the partnership for 1999 reflecting

2

this view of the note's basis, which the partnership contested in Tax Court. Then, during the pendency of the partnership proceedings in the Tax Court, the Commissioner issued two notices of deficiency to B&L based on the same calculation, one for the years 1998-2001 and one for the years 2002-2004.

B&L challenged the Commissioner's treatment of the note's basis in Tax Court. The Commissioner then moved to dismiss, arguing that the notices of deficiency were premature so long as the parallel partnership-level proceeding was ongoing. Under the Internal Revenue Code, the tax treatment of a "partnership item" must "be determined at the partnership level," I.R.C. § 6221, and the Tax Court has held that it "lack[s] jurisdiction over partnership and affected items where the notice of deficiency was issued prior to completion of the related partnership proceeding." GAF Corp. v. Commissioner, 114 T.C. 519, 527 (2000). Because the basis of the note to B&L relates to the basis of the note to the partnership, the Commissioner argued that its notices of deficiency were invalid (absent a final determination of the partnership proceeding) and that the Tax Court therefore lacked jurisdiction. B&L countered, however, that the pendency of the 1999 partnership proceeding did not affect the validity of the notices, because the alleged deficiencies only related to the basis of the note at its contribution in 1993, and the partnership proceeding for the 1993 tax year had concluded with a "no adjustments letter" from the Commissioner.

The Tax Court agreed with the Commissioner but did not reach B&L's substantive arguments. See Bausch & Lomb Inc. v. Commissioner, 97 T.C.M. (CCH) 1577 (2009). It held that each "deficiency notice is invalid because it determines deficiencies and penalties

3

that flow from the FPAA and the ongoing Wilmington partnership proceeding has not been resolved." Id. at *1. It disagreed with what it characterized as B&L's "back-door argument that the Court, in determining the validity of the deficiency notice, is required at the partner level to answer the substantive question of whether respondent adjusted [the partner's] basis in the 1993 . . . Note in the wrong year or years." Id. at *4. The court stated that the partnership was availing itself of "the related Wilmington partnership proceeding" to make the "argument that the Commissioner adjusted [the partner's] basis in the 1993 . . . Note in the wrong years." Id. The Tax Court therefore held that both the 1998-2001 and 2002-04 notices of deficiency were invalid, and dismissed the two cases for lack of jurisdiction. B&L appealed the decision in both cases. In the meantime, the Tax Court ruled in Wilmington's favor (and thus in B&L's favor as well) in the partnership proceeding, holding that the relevant adjustments based on the note's basis were barred by the statute of limitations.

Before we may discuss the merits of B&L's arguments before this Court, we must consider whether we should hear them in the first place. For an appeal to be proper, the judgment appealed must cause some harm to the party appealing. Tachiona v. United States, 386 F.3d 205, 211 (2004). This harm must be "'concrete and particularized' and 'actual and imminent.'" Id. at 210, quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997). We have therefore dismissed, for instance, an appeal by a plaintiff where the district court dismissed a jury verdict on a set of claims, because the jury had awarded $0 damages on those claims, see Spencer v. Casavilla, 44 F.3d 74, 78-79 (2d Cir. 1994), and an appeal by a defendant who sought dismissal on the merits but received only a dismissal for lack of

4

subject matter jurisdiction, see Concerned Citizens of Cohocton Valley, Inc. v. N.Y. State Dep't of Envtl. Conservation, 127 F.3d 201, 204-06 (2d Cir. 1997). These cases uphold the principle that "a party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." Forney v. Apfel, 524 U.S. 266, 271 (1998) (quotation marks omitted).

In this case, B&L seeks to block the Commissioner from assessing any tax based on its recalculation of the note's basis. It now has not one but two sets of orders that do just that. In B&L's own cases, the Tax Court ruled that the Commissioner had issued invalid notices of deficiency and was barred from assessing any deficiencies until the conclusion of the partnership-level case. It may seem strange to treat the dismissals below as a success for B&L, since its petition was dismissed. But the Tax Court's jurisdictional dismissal, unlike a dismissal in a more typical case, determines the invalidity of the Commissioner's deficiency notice. For this reason, it is actually common for taxpayers to file a petition and then seek to dismiss it for lack of jurisdiction. See, e.g., Ginsburg v. Commissioner, 127 T.C. 75 (2006); Gustin v. Commissioner, 83 T.C.M. (CCH) 1341 (2002); GAF Corp., 114 T.C. 519; Roberts v. Commissioner, 94 T.C. 853 (1990). In those cases, as in this one, the end result is an order prohibiting the Commissioner from assessing any further taxes. In the partnership case, meanwhile, the Tax Court ruled that the relevant adjustments were barred by the statute of limitations. B&L has therefore largely obtained the relief it sought.

We say "largely" because B&L, much like the defendant in Concerned Citizens, sought a ruling on the merits but only received one on jurisdictional grounds. Cf. 127 F.3d

5

at 204.  Specifically, B&L requested that the Tax Court invalidate the notices of deficiency on the merits, but the court instead invalidated them as prematurely issued.  As in Concerned Citizens, however, we do not think that this different ground creates standing, at least not on the facts of this case, where both the partner-level and partnership-level proceedings have resulted in rulings blocking assessment.

We see no harm to B&L from the Tax Court's rulings below.  As in Concerned Citizens, those rulings appear to have no preclusive effect on the merits of future litigation.  Cf. id. at 206.  The court's rulings did not reject any of B&L's substantive arguments – even implicitly – but simply ruled that they should first be addressed in the partnership-level case before the court would have jurisdiction over them in the partner-level case.  97 T.C.M. (CCH) 1577, at *4-5.  Furthermore, unlike in Concerned Citizens, the court's ruling did not even shift the litigation to a different venue.  The partnership case – in which B&L was participating – proceeded in the same court and in fact in front of the same judge, and has since been appealed to this same circuit court.

We do not distinguish this case from Concerned Citizens because the party appealing happens to be a petitioner in this case where it was a defendant in that one.  Although perhaps such a difference might matter in many situations – because an ordinary petitioner or plaintiff has more freedom to structure the relief sought and thus may complain more easily about not receiving that precise relief – the Tax Court presents a special situation.  Although B&L has nominally sued the Commissioner, its suit was purely defensive, seeking to parry the Commissioner's collection thrust.  One could imagine a system where, instead

6

of the Commissioner issuing a notice of deficiency and the taxpayer suing to contest it, the Commissioner simply sued the taxpayer, who then would defend either on jurisdictional grounds or on the merits. Such a system would differ little, from our perspective at least, from the procedure in this case. In all relevant respects this case is equivalent to Concerned Citizens.

B&L only briefly tries to explain the harm it would suffer from the Tax Court's ruling. It argues that the ruling it sought would have foreclosed any further attempt to assess the alleged deficiencies, while the Tax Court's dismissal of its cases "may not permanently foreclose the Commissioner from later asserting the same tax deficiencies by issuing new Notices." But the possibility that the Commissioner may *someday* issue a *new* deficiency notice raising the same issues does not create a current, concrete injury that B&L may litigate today with respect to deficiency notices that have been ruled invalid by the Tax Court and in effect withdrawn by the Commissioner. Indeed, the chance that the Commissioner will ever impose such a new notice is highly contingent. For such an eventuality to occur, the Commissioner would have to win a reversal of the partnership-level case in this Court or in the Supreme Court. Then, because the Tax Court decided the partnership-level case based on the statute of limitations, the partnership (and B&L) could still press its unrelated argument about the 1993 no-adjustment letter in that case on remand, and might succeed. If that argument failed in the Tax Court, B&L would be able to seek a further appeal to this Court (and on to the Supreme Court). Only if B&L lost on all these issues in all these fora

7

could the Commissioner then reissue the notices of deficiency that the Tax Court found invalid here. We find this possibility too remote to make the case fit to hear now.

For these reasons, we dismiss.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court