T.C. Memo. 2012-15

UNITED STATES TAX COURT

BAUSCH & LOMB INCORPORATED AND CONSOLIDATED SUBSIDIARIES,
Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20664-10.                    Filed January 17, 2012.

Roger J. Jones, Kim Marie K. Boylan, and Andrew R. Roberson,
for petitioner.

Daniel Allen Rosen, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion to dismiss (respondent's motion).  The Court will
grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner is a corporation with its principal place of business in Rochester, New York.

In December 1993, petitioner engaged in a financing transaction (transaction) that involved the formation of Wilmington Partners L.P. (Wilmington), an entity subject to the provisions of sections 6221-6234.[1]  As part of the transaction, Bausch & Lomb International Holdings Corp. (BLIHC), a member of petitioner's consolidated Federal income tax (tax) return group, contributed a note (the 1993 reset note) to Wilmington in exchange for a partnership interest.  BLIHC claimed a basis of $550,000,000 in the 1993 reset note, which was equal to the face value of that note.

In 1999, BLIHC sold a portion of its partnership interest in Wilmington to an unrelated party for $199,137,637 in cash.  In its consolidated tax return for 1999 (1999 consolidated return), petitioner reported (1) a long-term capital loss of $347,910,187 from that sale and (2) a net capital loss of $143,849,923.  Petitioner carried that net capital loss (1) back to its taxable year 1998 and (2) forward to its taxable year 2001 and certain

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

subsequent taxable years, including 2005, the taxable year at issue in this case.

In 2004, respondent began an administrative proceeding with respect to Wilmington for its taxable year ended June 4, 1999 (1999-1) and its taxable year ended December 25, 1999 (1999-2). On May 12, 2006, respondent issued a notice of final partnership administrative adjustment with respect to Wilmington for its taxable years 1999-1 and 1999-2 (1999-1 and 1999-2 FPAA).

In the 1999-1 and 1999-2 FPAA, respondent made, inter alia, the following adjustment:

> **A. Basis in Reset Note contributed by B&L International Holdings Corp.**: It is determined that the note contributed by Bausch & Lomb International Holdings Corporation to Wilmington Partners L.P. on or about December 23, 1993 in the amount of $550,000,000 had a basis of zero at the time of its contribution. * * * Accordingly, the note contributed by Bausch & Lomb International Holdings Corporation has no basis for the tax years ended June 4, 1999 [1999-1] and December 25, 1999 [1999-2].

On August 7, 2006, the tax matters partner of Wilmington filed a petition with the Court, thereby commencing the case at docket No. 15098-06 with respect to the 1999-1 and 1999-2 FPAA (Wilmington Partners case).

On June 21, 2007, the Commissioner of Internal Revenue (Commissioner) issued to Bausch & Lomb Incorporated and Consolidated Subsidiaries (Bausch & Lomb) a notice of deficiency (notice) with respect to its taxable years 1998 through 2001 (1998-2001 notice).

On September 14, 2007, Bausch & Lomb filed a petition with the Court, thereby commencing the case at docket No. 20958-07 with respect to the 1998-2001 notice (Bausch & Lomb I).

On April 14, 2008, the Commissioner issued to Bausch & Lomb a notice of deficiency with respect to its taxable years 2002 through 2004 (2002-2004 notice).

In Bausch & Lomb I, the Commissioner filed a motion to dismiss that case for lack of jurisdiction. On April 30, 2008, the Court granted that motion in an unpublished order (April 30, 2008 Order of dismissal for lack of jurisdiction in Bausch & Lomb I). In doing so, the Court held that the 1998-2001 notice was "invalid because the * * * [Wilmington Partners case] has not concluded."

On July 11, 2008, Bausch & Lomb filed a petition with the Court, thereby commencing the case at docket No. 17108-08 with respect to the 2002-2004 notice (Bausch & Lomb II).

On July 28, 2008, Bausch & Lomb filed an appeal in the U.S. Court of Appeals for the Second Circuit from the Court's April 30, 2008 Order of dismissal for lack of jurisdiction in Bausch & Lomb I.

In Bausch & Lomb II, the Commissioner filed a motion to dismiss that case for lack of jurisdiction. On May 21, 2009, the Court issued a Memorandum Opinion, Bausch & Lomb Inc. v. Commissioner, T.C. Memo. 2009-112, and on May 22, 2009, entered an

Order of dismissal for lack of jurisdiction (Order of dismissal for lack of jurisdiction in Bausch & Lomb II) granting the Commissioner's motion to dismiss for lack of jurisdiction and dismissing Bausch & Lomb II. In that Memorandum Opinion, the Court held that the 2002-2004 notice was invalid because "respondent improperly issued the [2002-2004] deficiency notice determining petitioner's deficiencies and penalties related to BLIHC's basis in the 1993 Reset Note before the decision of this Court has become final" in the Wilmington Partners case. Id.

On June 11, 2009, Bausch & Lomb filed an appeal in the Court of Appeals for the Second Circuit from the Court's Order of dismissal for lack of jurisdiction in Bausch & Lomb II.

On October 21, 2009, the Court issued an Order in the Wilmington Partners case, in which the Court ordered, inter alia, the Commissioner to show cause why the Court should not enter a decision barring the Commissioner from assessing any tax relating to the adjustments in the 1999-1 and 1999-2 FPAA.

On May 28, 2010, the Court issued an Order and Decision (May 28, 2010 Order and Decision) in the Wilmington Partners case. In that Order and Decision, the Court concluded, inter alia:

> The appropriate basis to use in measuring the claimed loss and any related carryforwards is Wilmington's 1999-2 basis in the [1993] Reset Note. A decision as to Wilmington's 1999-1 basis in the [1993] Reset Note would not affect the disposition of this case. * * *

In the May 28, 2010 Order and Decision, the Court:

> ORDERED AND DECIDED that the adjustments set forth in the Notice of Final Partnership Administrative Adjustment mailed May 12, 2006 [1999-1 and 1999-2 FPAA], regarding the tax year ending December 25, 1999 (1999-2), are barred as a result of the expiration of the applicable limitations period. * * * [and]

> ORDERED AND DECIDED that respondent's 1999-1 adjustment to Wilmington's basis in the [1993] Reset Note leads to no adjustment in the income, gain, loss, deduction, or credit of Wilmington for the tax year ending June 4, 1999 (1999-1).

On July 1, 2010, respondent issued to petitioner a notice of deficiency with respect to its taxable year 2005 (2005 notice), the year at issue in this case. In that notice, respondent determined, inter alia, to disallow a long-term capital loss that is attributable to a carryforward of the capital loss that petitioner had claimed in its 1999 consolidated return (discussed above) as the result of BLIHC's sale of its partnership interest in Wilmington. In the 2005 notice, respondent also determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioner's tax for its taxable year 2005 of $5,659,905 and $2,263,962, respectively.

On September 16, 2010, petitioner filed a petition with the Court, thereby commencing the instant case with respect to the 2005 notice. In the petition, petitioner alleged that respondent made, inter alia, the following errors in the 2005 notice:

(a)  <u>Adjustments to Income</u>.

(i)  The Commissioner erred in continuing to rely on erroneous determinations made in Notices of Deficiency issued to Petitioner for its 1998-2001 tax years (the "1998-2001 Notice") and its 2002-2004 tax years (the "2000-2004 Notice").

(ii)  The Commissioner erred in determining that the capital loss resulting from the 1999 sale by B&L International Holdings Corp. ("BLIHC") of its Class A limited partnership interest in Wilmington Partners L.P. ("Wilmington") was not properly determined.

(iii)  The Commissioner further erred in determining, in Petitioner's 1999 tax year, that a note in the amount of $550,000,000 contributed by BLIHC to Wilmington in 1993 (the "1993 Reset Note") had a basis of zero at the time of its contribution.

*       *       *       *       *       *       *

(vi)  As a result of the errors described * * * above, the Commissioner erroneously reduced, in Petitioner's 1999 tax year, BLIHC's 1993 basis in its partnership interest in Wilmington from $550,000,025 to $25 and correspondingly reduced BLIHC's basis in the Class A limited partnership interest it sold in 1999 to $59,828,384.

(vii)  As a result of the errors described * * * above, the Commissioner erroneously determined that the long-term capital loss of $347,910,187 reported by Petitioner on the 1999 sale of BLIHC's Class A limited partnership interest in Wilmington was a long-term capital gain of $139,309,253.

(viii)  As a result of the errors described * * * above, the Commissioner erroneously determined that Petitioner is not entitled to carryover a capital loss from its 2000 tax year to its 2005 tax year.

In the petition, petitioner also alleged the following:

(d)  <u>Affirmative Defenses</u>.

(i)  All of the Commissioner's determinations in the 2005 Notice relate to partnership items of

Wilmington or affected items of Petitioner related to such partnership items.  The Commissioner's determinations relating to BLIHC's basis in the Class A limited partnership interest it sold in 1999 are attributable to a partnership item for Wilmington's 1993 tax year.

(ii)  The Commissioner is barred from assessing for 2005 any tax attributable to partnership items of Wilmington in Wilmington's tax years ended December 30, 1993 ("1993"), June 4, 1999 ("1999-1"), and December 25, 1999 ("1999-2") because the applicable periods of limitations for assessing any tax attributable to any such partnership items, including any additions to tax, expired with respect to 2005 before the Commissioner issued the 2005 Notice.

(iii)  The Commissioner has issued no Notice of Final Partnership Administrative Adjustments [sic] ("FPAA") to Wilmington with respect to its 1993 tax year adjusting the basis of the 1993 Reset Note at the time of its contribution in 1993.  Accordingly, the tax treatment of all partnership items for Wilmington's 1993 tax year is final and binding and no adjustment can be made to BLIHC's basis in the Class A limited partnership interest it sold in 1999.

(iv)  The Commissioner issued a "No Adjustments Letter" to Wilmington stating that no adjustments would be made to Wilmington's 1993 Form 1065, U.S. Partnership Return of Income.  Accordingly, the tax treatment of all partnership items for Wilmington's 1993 tax year is final and binding and no adjustment can be made to BLIHC's basis in the Class A limited partnership interest it sold in 1999.

(v)  The Commissioner is estopped from making the adjustments in the 2005 Notice because he previously examined the taxable year 1993 for Wilmington and Petitioner and made representations that he agreed that the basis of the 1993 Reset Note was $550 million at the time of its contribution, Wilmington and Petitioner relied on the Commissioner's representations, and the Commissioner has now attempted to change his original position.

(vi)  The Commissioner is precluded from adjusting BLIHC's basis in the Class A limited partnership interest it sold in 1999 based on his litigating position in

other cases and his duty of consistency to similarly situated taxpayers.

On October 5, 2010, the Commissioner filed an appeal in the Court of Appeals for the Second Circuit with respect to the May 28, 2010 Order and Decision entered in the Wilmington Partners case. That appeal is currently pending.

On November 19, 2010, respondent filed respondent's motion in this case. In that motion, respondent asks the Court to dismiss this case on one of the following two alternative grounds: (1) Under the Court's precedent, the Court does not have jurisdiction over this case because the notice of deficiency that respondent issued to petitioner for its taxable year 2005 is invalid, and (2) this case is "not ripe for adjudication".

On December 20, 2010, the Court of Appeals for the Second Circuit dismissed Bausch & Lomb's respective appeals in Bausch & Lomb I and Bausch & Lomb II in an unpublished opinion, in which it held that Bausch & Lomb had not suffered any "concrete and particularized" harm from the respective dismissals of those cases for lack of jurisdiction. Bausch & Lomb Inc. v. Commissioner, 410 Fed. Appx. 367, 369-371 (2d Cir. 2010).

## Discussion

The Court's jurisdiction to redetermine a deficiency in tax depends upon a valid notice of deficiency and a timely filed petition. Sec. 6213; GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000). In order to determine whether the Court has

jurisdiction to redetermine the partner-level deficiency and the accuracy-related penalty in this case, the Court will address the parties' disagreement over whether the 2005 notice is valid.

It is respondent's position that, under the Court's precedent, see, e.g., GAF Corp. & Subs. v. Commissioner, supra, the Court does not have jurisdiction over the instant case.[2]  In support of that position, respondent argues that the May 28, 2010 Order and Decision in the Wilmington Partners case is currently on appeal in the Court of Appeals for the Second Circuit, the 2005 notice is invalid, and this case should be dismissed for lack of jurisdiction under the Court's precedent.

It is petitioner's position that the 2005 notice is valid because "the Court has now determined [in the May 28, 2010 Order and Decision in the Wilmington Partners case] that Wilmington Partners is not the 'related partnership proceeding.'"[3]  Peti-

---

[2]In contrast to the Commissioner's position before the Court in Bausch & Lomb I and Bausch & Lomb II that the Court did not have jurisdiction over those cases, respondent argues here that, under the Court's precedent, it does not have jurisdiction over the instant case.  In the appeals by Bausch & Lomb of the Court's respective Orders of dismissal for lack of jurisdiction in Bausch & Lomb I and Bausch & Lomb II, the Commissioner argued that the "Tax Court had jurisdiction over [those] actions pursuant to I.R.C. §§ 6213, 6214, and 7442, and it erred in concluding otherwise."  In those appeals, it was the Commissioner's position that "the cases [Bausch & Lomb I and Bausch & Lomb II] were [nonetheless] properly dismissed because the claims for relief therein were not ripe for adjudication."

[3]Petitioner mischaracterizes what the Court decided in the Wilmington Partners case.  In its May 28, 2010 Order and Decision
(continued...)

tioner appears to be restating in this case the argument that it advanced in Bausch & Lomb I and Bausch & Lomb II that respondent adjusted its basis in the 1993 reset note for the wrong year.[4] The Court rejected that argument in Bausch & Lomb I and Bausch & Lomb II, and the Court rejects it here.

In the April 30, 2008 Order of dismissal for lack of jurisdiction in Bausch & Lomb I, the Court addressed Bausch & Lomb's argument that the Commissioner adjusted its basis in the 1993 reset note for the wrong year.  It stated:

---

[3](...continued)
in that case, the Court:

> ORDERED AND DECIDED that the adjustments set forth in the Notice of Final Partnership Administrative Adjustment mailed May 12, 2006 [1999-1 and 1999-2 FPAA], regarding the tax year ending December 25, 1999 (1999-2), are barred as a result of the expiration of the applicable limitations period. * * * [and]

> ORDERED AND DECIDED that respondent's 1999-1 adjustment to Wilmington's basis in the [1993] Reset Note leads to no adjustment in the income, gain, loss, deduction, or credit of Wilmington for the tax year ending June 4, 1999 (1999-1).

[4]In Bausch & Lomb I and Bausch & Lomb II, Bausch & Lomb argued that the Wilmington Partners case was not the related partnership proceeding because:  "BLIHC's basis in the 1993 Reset Note was a partnership item only in the year of contribution, 1993, and, therefore, respondent adjusted the basis in the wrong years; i.e. 1999-1 and 1999-2."  Bausch & Lomb Inc. v. Commissioner, T.C. Memo. 2009-112.  Therefore, according to Bausch & Lomb in Bausch & Lomb I and Bausch & Lomb II, the 1998-2001 notice and the 2002-2004 notice involved in those respective cases were valid and the Court had "jurisdiction because no FPAA was issued for the year of contribution."  Id.

Petitioner's argument is misplaced. The [1999-1 and 1999-2] FPAA issued to Wilmington contains adjustments relating to the determination that the 1993 Reset Note had a zero basis at the time BLIHC contributed it to Wilmington. The adjustments in the deficiency notice all flow from this determination in the [1999-1 and 1999-2] FPAA. Accordingly, respondent's determination concerning the note's basis is a partnership item and cannot be litigated in this proceeding. The affected items in the deficiency notice that depend on the resolution of this partnership item also cannot be litigated now but must wait until the conclusion of the partnership-level proceeding. Any argument that a partnership item was adjusted in an improper year must be made in the partnership-level proceeding, not at the partner level. Such an argument does not give us jurisdiction to determine a partnership item in a partner-level case. [Citations omitted.]

In the April 30, 2008 Order of dismissal for lack of jurisdiction in Bausch & Lomb I, the Court concluded "that the deficiency notice issued to petitioner is invalid because the partnership-level proceeding at docket no. 15098-06 [the Wilmington Partners case] has not concluded." Implicit in that conclusion is that the Wilmington Partners case was the related partnership proceeding.

In Bausch & Lomb II, <u>Bausch & Lomb Inc. v. Commissioner</u>, T.C. Memo. 2009-112, the Court also addressed Bausch & Lomb's argument that the Commissioner adjusted its basis in the 1993 reset note for the wrong year. It stated:

Petitioner acknowledges that the Wilmington partnership proceeding is pending and that the deficiency notice contains adjustments to partnership items and affected items related to BLIHC's basis in the 1993 Reset Note. Petitioner argues, however, that BLIHC's basis in the 1993 Reset Note was a partnership item only in the year of contribution, 1993, and, therefore,

respondent adjusted the basis in the wrong years; i.e.
1999-1 and 1999-2.  Petitioner further argues that the
deficiency notice is valid and we have jurisdiction
because no FPAA was issued for the year of contribu-
tion.  Petitioner attempts to make a back-door argument
that the Court, in determining the validity of the
deficiency notice, is required at the partner level to
answer the substantive question of whether respondent
adjusted BLIHC's basis in the 1993 Reset Note in the
wrong year or years.  We disagree.

*       *       *       *       *       *       *

A partner's basis in contributed property is a
partnership item when the partnership needs to make a
determination with respect to the partner's basis for
purposes of its books and records, or for purposes of
furnishing information to a partner.  The critical
element is that the partnership needs to make a deter-
mination with respect to the partner's basis for the
purposes stated, and the partnership's failure to
actually make a determination does not prevent an item
from being a partnership item.

Petitioner provides no authority for the argument
that a partner's basis in contributed property is a
partnership item only in the year of contribution, and
we find none.  Partnership items are defined to include
a partner's basis in contributed property when a part-
nership must account for the partnership's basis in the
contributed property for purposes of its books and
records, or for purposes of furnishing information to a
partner.  Accordingly, the necessary facts are avail-
able only at the partnership level to determine whether
the partnership was required to make a determination
with respect to BLIHC's basis in the 1993 Reset Note
for these purposes.

* * * Here, the related Wilmington partnership proceed-
ing is ongoing, and there Wilmington's TMP [tax matters
partner] is making the argument that the Commissioner
adjusted BLIHC's basis in the 1993 Reset Note in the
wrong years.

*       *       *       *       *       *       *

Petitioner's substantive argument that BLIHC's
basis in the 1993 Reset Note was adjusted in an im-

proper year does not provide jurisdiction, where none
exists, to determine a partnership item in a partner-
level case.  This Court may exercise jurisdiction only
to the extent expressly provided by statute, and it may
not enlarge upon that statutory jurisdiction.

Further, the remaining determinations in the
deficiency notice depend on the resolution of BLIHC's
basis in the 1993 Reset Note.  These determinations are
affected items that cannot be litigated now but must
wait until the Wilmington partnership proceeding is
finalized.  [Citations omitted; fn. ref. omitted.]

Bausch & Lomb Inc. v. Commissioner, T.C. Memo. 2009-112.

In Bausch & Lomb Inc. v. Commissioner, supra, the Court

concluded that

respondent improperly issued the deficiency notice
determining petitioner's deficiencies and penalties
related to BLIHC's basis in the 1993 Reset Note before
the decision of this Court has become final in the
ongoing Wilmington partnership proceeding. * * *

Implicit in that conclusion is that the Wilmington Partners case

was the related partnership proceeding.

In addition to taking the position that the Wilmington

Partners case is not the related partnership proceeding, peti-

tioner appears to be arguing here that the following statements

in the Court's May 28, 2010 Order and Decision in the Wilmington

Partners case are in effect a holding that petitioner's basis in

its partnership interest in Wilmington is not an affected item:

Respondent's only position regarding 1999-1 is that we
should determine Wilmington's 1999-1 basis in the
[1993] Reset Note because respondent could then deter-
mine the tax consequences of BLIHC's sale of its part-
nership interest in Wilmington whenever that even
should occur.  We find this argument unconvincing.
First, respondent reverses the construct of Subchapter

K by asserting that BLIHC's basis in the partnership interest 'flows from' Wilmington's basis in the [1993] Reset Note. See sec. 6229(a). No provision in Subchapter K or TEFRA provides that a partner's basis in its partnership interest is to be adjusted based on changes in a partnership's basis in contributed property. Respondent's logic is circular and patently absurd. Wilmington's basis in the [1993] Reset Note is derived from and dependent on BLIHC's adjusted basis in the [1993] Reset Note at the time of contribution, not vice-versa.

First, the Court notes that the above-quoted statements are dicta. In addition, the Court's May 28, 2010 Order and Decision in the Wilmington Partners case was not final when respondent issued the 2005 notice; it is currently on appeal in the Court of Appeals for the Second Circuit. Finally, petitioner acknowledged in the petition filed in this case that the determinations in the 2005 notice on which this case is based "relate to partnership items of Wilmington or affected items of Petitioner related to such partnership items", and respondent agrees.

The Court has held that "respondent has no authority to assess a deficiency attributable to a partnership item until after the close of a partnership proceeding." Dubin v. Commissioner, 99 T.C. 325, 328 (1992) (citing section 6225(a)). Since the tax treatment of affected items depends on partnership level determinations, affected items may not be tried as part of a partner's personal tax case until the completion of the partnership level proceeding. N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 743-744 (1987). Accordingly,

> if the items at issue in this [partner-level] case are partnership items (or affected items), respondent lacks the authority to assess a deficiency with regard thereto.  If that is that case, we must dismiss for lack of jurisdiction on the ground that respondent's deficiency notice is invalid. * * *

Gillian v. Commissioner, T.C. Memo. 1993-366.

At the time respondent issued the 2005 notice to petitioner, the decision in the Wilmington Partners case was not final.  See secs. 6225(a), 7481(a)(2).  The Court holds that the 2005 notice is invalid.  See, e.g., GAF Corp. & Subs. v. Commissioner, 114 T.C. 519 (2000); N.C.F. Energy Partners v. Commissioner, supra. As a result, the Court holds that it does not have jurisdiction over the instant case.[5]  The Court will grant respondent's motion and will dismiss this case for lack of jurisdiction.

The Court has considered all of the parties' respective contentions and arguments that are not discussed herein, and the Court finds them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

> An order of dismissal for lack of jurisdiction will be entered.

---

[5]Because the Court holds that it does not have jurisdiction over the instant case, the Court need not, and will not, address respondent's alternative argument in support of respondent's motion that the Court should dismiss this case because it is not "ripe for adjudication".